**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Domingo NIEVES, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 1, 2005.

Filed May 10, 2005.

Reargument Denied July 13, 2005.

Lloyd Long, III, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Kelly Davis, Philadelphia, for appellee.

Before: KLEIN, McCAFFERY and BECK, JJ.

BECK, J.:

¶ 1 This is a Commonwealth appeal challenging the trial court's grant of appellee Nieves's motion to quash charges of possession with intent to deliver. We vacate and remand for trial.

¶ 2 Following police surveillance, Nieves was arrested for selling phencyclidine (PCP) on the street in Philadelphia. He was bound over for trial and thereafter filed a Motion to Quash the Return of Transcript based on his claim that the Commonwealth failed to make out a *prima facie* case at the preliminary hearing.[1] The trial court granted Nieves's request and entered an order quashing the information. The Commonwealth filed this timely appeal.

¶ 3 We must determine whether the trial court acted properly in finding that the Commonwealth failed to establish a *prima facie* case at the preliminary hearing. "The question of the evidentiary sufficiency of the Commonwealth's *prima facie* case is one of law as to which this Court's review is plenary." *Commonwealth v. Huggins,* 575 Pa. 395, 401, 836 A.2d 862, 865 (2003).

At the pre-trial stage of a criminal prosecution, it is not necessary for the Commonwealth to prove the defendant's guilt beyond a reasonable doubt, but rather, its burden is merely to put forth a *prima facie* case of the defendant's guilt. *Commonwealth v. McBride,* 528 Pa. 153, 595 A.2d 589, 591 (1991). A *prima facie* case exists when the Commonwealth produces evidence of each of the materi-

al elements of the crime charged and establishes sufficient probable cause to warrant the belief that the accused committed the offense. *Id.* (citing *Commonwealth v. Wojdak,* 502 Pa. 359, 466 A.2d 991 (1983)). The evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to go to the jury. *Commonwealth v. Marti,* 779 A.2d 1177, 1180 (Pa.Super.2001). Moreover, "[i]nferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect, and the evidence must be read in the light most favorable to the Commonwealth's case." *Id.* at 1180 (quoting *Commonwealth v. Owen,* 397 Pa.Super. 507, 580 A.2d 412, 414 (1990)). *Id.* at 402, 836 A.2d at 866.

¶ 4 The Commonwealth claims that the evidence it presented at the preliminary hearing was more than sufficient to establish a *prima facie* case. The preliminary hearing transcript reveals that Philadelphia Police Officer Cornell Fisher set up surveillance in the area of 3000 Lee Street and observed Nieves at the corner of Lee and Clearfield Streets. A woman, later identified as Milegros Aponte, approached Nieves and the two engaged in a brief conversation. Officer Fisher saw Ms. Aponte hand Nieves some money. Nieves then walked to a house on the block, approached the front porch, bent down and retrieved some small items from the area of the porch steps. Nieves then returned to Ms. Aponte and gave her the small items.

¶ 5 Officer Fisher contacted another officer involved in the surveillance, Officer

---

1. "A defendant may challenge the sufficiency of the evidence presented by the Commonwealth at the preliminary hearing by filing a motion for a Writ of Habeas Corpus in Common Pleas Court. In Philadelphia County,

this motion is generally referred to as a Motion to Quash the Return of Transcript." *Commonwealth v. McBride,* 528 Pa. 153, 155, 595 A.2d 589, 590 n. 2 (1991) (citation omitted).

Bascum, and gave him a description of Ms. Aponte. Officer Bascum stopped Ms. Aponte and recovered from her two small jars containing PCP. Upon learning this, Officer Fisher directed another back-up officer, Officer Donahue, to arrest Nieves. Officer Fisher then directed Officer Donahue to the porch area where he had seen Nieves retrieve the small items. In that area, Officer Donahue recovered a plastic bag containing a small jar of PCP.

¶ 6 The basis for the trial court's finding that the evidence presented at the preliminary hearing did not make out a *prima facie* case was that Officer Fisher's testimony was inadequate and his recitation of what occurred with respect to the arrests of Ms. Aponte and Nieves constituted mere hearsay. According to the trial judge who quashed the charges, "the sole evidence demonstrating the elements of the Defendant's crime was hearsay evidence." Trial Court Opinion, 10/20/03, at 4. At the hearing on the motion to quash, the court stated that Officer Bascum (who arrested Ms. Aponte and found PCP on her person) was a necessary witness, without whom a *prima facie* case for possession with intent to deliver could not be made out.

¶ 7 In *Commonwealth ex rel. Buchanan v. Verbonitz*, 525 Pa. 413, 581 A.2d 172 (1990), our Supreme Court held that where, at a preliminary hearing, the Commonwealth presents only hearsay testimony regarding a victim's account of an alleged criminal incident, there is insufficient evidence to establish a *prima facie* case.[2] *See also Commonwealth v. Tyler*, 402 Pa.Super. 429, 587 A.2d 326 (1991) (noting that no error occurred at the preliminary hearing because evidence in addition to hearsay evidence was presented).

¶ 8 The Commonwealth does not assert that it is permitted to sustain its burden at a preliminary hearing by offering solely hearsay evidence. Instead, the Commonwealth insists that *Buchanan* was satisfied in this case because direct evidence of the crime charged was offered at the preliminary hearing.

¶ 9 The Commonwealth draws our attention to the testimony of Officer Fisher, the only witness who testified at the preliminary hearing. Although Officer Fisher did not witness the arrest of Ms. Aponte or observe the PCP taken from her person, he did watch Nieves take money from Ms. Aponte, retrieve small items from the porch area and give them to Ms. Aponte. Thereafter, Officer Fisher saw Officer Donahue arrest Nieves and recover the money from him. Finally, Officer Fisher watched Officer Donahue recover the drugs from the very place he saw Nieves retrieving items earlier, *i.e.*, the porch area. These first-hand observations, argues the Commonwealth, were more than

2. *Buchanan* was a statutory rape case in which the Commonwealth offered only the testimony of the investigating police officer at the preliminary hearing. The officer "recounted the alleged criminal incident as it was alleged to have been related to him by the victim, a seven year old child." *Id.* at 415, 581 A.2d at 173. Justice Larsen, with Justices Zappala and Papadakos, concluded that a preliminary hearing could not be based solely on hearsay evidence and, further, the defendant's right to confront and cross-examine witnesses had been denied. *Id.* at 417, 581 A.2d at 174. Justice Flaherty, joined by Justice Cappy, concluded that the issue of confronting and cross-examining witnesses was irrelevant to the disposition of the case. Instead, the question was simply "whether hearsay testimony, *standing alone*, may constitute sufficient evidence to establish a prima facie case at a preliminary hearing." *Id.* at 420, 581 A.2d at 175 (Flaherty, J., concurring) (emphasis in original). According to Justices Flaherty and Cappy, the answer clearly was that it could not. Justices Nix and McDermott dissented and would have found that the evidence was sufficient to bind the defendant over for trial.

sufficient to establish a *prima facie* case of possession with intent to deliver. We must agree.

¶ 10 In *Commonwealth v. Aguado*, 760 A.2d 1181 (Pa.Super.2000), officers observed the appellant exchange small objects for U.S. currency with a man on the street. When the officers approached, the appellant tossed the bag from which he had retrieved the objects to the sidewalk. Police recovered the bag, which contained vials of crack cocaine. The man with whom the appellant engaged in the transaction was not stopped by police. Nonetheless, the appellant was arrested, charged with possession with intent to deliver and found guilty. On appeal, he claimed that the evidence was insufficient because the Commonwealth failed to show he actually delivered crack to the man on the street. A panel of this court disagreed and found the evidence sufficient to establish the charges beyond a reasonable doubt.[3] *Id.* at 1185.

¶ 11 This case is much like *Aguado*. Officer Fisher saw Nieves receive money from Ms. Aponte and retrieve small items from the porch area to give to her. Thereafter, Nieves was arrested and PCP, stored in small container, was recovered from the very place Officer Fisher saw Nieves utilize in his transaction with Aponte. Certainly, in light of *Aguado's* finding that the evidence in that case was sufficient to establish guilt beyond a reasonable doubt, the evidence here was sufficient to establish a *prima facie* case for the same charge.

¶ 12 We note that the trial court explicitly found that Officer Fisher was not present when Nieves was arrested and when the PCP was recovered at the porch. But the transcript from the preliminary hearing establishes otherwise. Officer Fisher testified that he watched Officer Donahue stop Nieves and that he left his surveillance position and went to the porch area where he saw the drugs being recovered. Indeed, at the hearing on the motion to quash, defense counsel conceded as much:

> Counsel: The officer, the surveilling [sic] officer, *was present* when directing backup officers to the location where he allegedly saw Mr. Nieves go and what was found there was a plastic bag containing one jar ... [of] alleged PCP. Mr. Nieves had $10.00 currency on him.

N.T. Hearing on the Motion to Quash 7/28/03 at 2–3 (emphasis supplied).

¶ 13 The trial court was mistaken in concluding that Officer Fisher did not observe Nieves's arrest and the seizure of the drug stash he kept on the porch. These facts were clearly established on the record at the preliminary hearing, and when combined with Officer Fisher's observation of the transaction between Nieves and Aponte, were more than adequate to meet the Commonwealth's burden of establishing a *prima facie* case of possession with intent to deliver.

¶ 14 Even if Officer Fisher had not personally observed appellant's arrest and the seizure of his drugs, we would find that the evidence presented at the preliminary hearing was sufficient to warrant appellant being bound over for trial. The evidence clearly established that Officer Fisher was orchestrating a team of narcotics investigators and was at all times during the operation communicating directly with team members and guiding them, step by step, as they stopped suspected buyers, recovered evidence and effected the arrest of the suspected seller. All of this activity occurred within very close temporal and spatial proximity to Officer Fisher's own

---

**3.** The *Aguado* panel relied on the standard for sufficiency, noting that the intent to deliver "may be inferred from an examination of the facts and circumstances surrounding the case." *Id.* at 1185.

surveillance position. While Officer Fisher did not personally observe *each* component of the operation, he saw some of them. Further, and perhaps more importantly, he was in simultaneous, direct communication with each team member who accomplished a task connected with the operation. The simultaneous nature of the communication between Officer Fisher and the team members directly affects how we view the entirety of his testimony.

¶ 15 This is not a case of a police officer relating to the court a victim's version of events that occurred without any other witnesses present. *See Buchanan, supra.* Instead, this is the case of a police officer testifying about a series of related, ongoing events witnessed through the *collective eyes of a law enforcement unit* of which the officer/witness was an active member. Here, the members of the unit were working in tandem to make an arrest and the officer who testified was able to explain each step of the operation because of his direct participation in it. *Buchanan* and other cases that address the use of hearsay at a preliminary hearing do not discuss this type of hearsay and so impose no limitations on its use. *See e.g., Buchanan, supra; Tyler, supra; Commonwealth v. Troop,* 391 Pa.Super. 613, 571 A.2d 1084 (1990).

¶ 16 Officer Fisher's direct participation in the operation, coupled with his awareness of all other aspects of the operation *as they occurred,* made the officer's testimony regarding all of the events admissible at the preliminary hearing. Because that testimony was more than adequate to establish a *prima facie* case, appellant should have been bound over for trial.

¶ 17 Order vacated; matter remanded for trial. Jurisdiction relinquished.