J-S09039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD SAVAGE, | |
| Appellant | No. 3838 EDA 2015 |

Appeal from the PCRA Order November 23, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0011386-2008

BEFORE: SHOGAN, J., STABILE, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 28, 2017**

Appellant, Donald Savage, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We provide only those facts from the PCRA court's July 28, 2016 opinion and from our independent review of the certified record that are relevant to our review:

At Appellant's preliminary hearing, Philadelphia Police Officer Timothy Bogan testified to the following facts. On February 7, 2007, Officer Bogan set up surveillance from his vehicle at the Dunkin' Donuts located at 16th and Washington Avenue, based on a tip from an informant that Appellant

_____

* Retired Senior Judge assigned to the Superior Court.

would be delivering crack cocaine to that location.[1] (*See* N.T. Preliminary Hearing, 9/10/08, at 4-5). When Appellant's car pulled into a parking lot, back-ups, Officer John Brennan and Sergeant William Torpey, ordered Appellant out of the car. Officer Brennan recovered approximately twenty-eight grams of cocaine and $3,791.00 in cash from Appellant's person and placed him under arrest. (*See id.* at 5).

Appellant then stated he wanted to cooperate, and Sergeant Torpey read him his *Miranda*[2] warnings. Appellant advised Sergeant Torpey that there were more than six ounces of crack cocaine at an apartment located at 7701 Lindbergh Boulevard in Philadelphia, and that he had the only two keys to the apartment. (*See id.* at 6). Police drove Appellant to the apartment and obtained his consent to enter, using the keys they had confiscated from his person to do so. (*See id.*). Upon entering the vacant apartment, police observed a large amount of cocaine in plain view, obtained a search warrant, and seized over 180 grams of cocaine, drug paraphernalia, and $5,210.30 in cash. (*See id.* at 6-7).[3] Judge Frank Palumbo found that the

---

[1] Relevant to our review, we note that Officer Brian Reynolds and the informant waited in the car with Officer Bogan. (*See* N.T. Trial, 9/21/10, at 33). The notes of testimony do not reveal that Officer Reynolds had any further involvement in Appellant's case and he did not testify.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] At trial, Officer Michael Spicer of the Philadelphia Police Department Narcotics Field Unit South testified as an expert in how narcotics are
*(Footnote Continued Next Page)*

Commonwealth established a *prima facie* case of possession with intent to deliver (PWID), and explained that he did not think it appropriate to make a finding of particularity as to the evidence, because that would be up to the trial judge. (*See id.* at 19-23).

On September 22, 2010, a jury found Appellant guilty of PWID for the cocaine found on his person and seized from the apartment. (*See* Verdict, 9/22/10). On November 10, 2010, Appellant filed a post-trial motion that the court denied on November 18, 2010. The court sentenced him to a term of not less than seven nor more than fourteen years' incarceration, followed by eighteen months of probation.

On June 30, 2011, this Court affirmed Appellant's judgment of sentence. (*See Commonwealth v. Savage*, 31 A.3d 760 (Pa. Super. 2011)). Appellant did not file a petition for leave to appeal in our Supreme Court.

On January 20, 2012, Appellant filed a timely *pro se* petition for PCRA relief. Appointed counsel filed amended petitions on May 27, 2013 and July

---
*(Footnote Continued)*

packaged, sold, delivered, and valued. (*See* N.T. Trial, 9/22/10, at 4, 8). He stated that the amount of crack cocaine and money found on Appellant's person pointed to him being a drug dealer. (*See id.* at 11-12, 14-15). He also explained that a stash house is a place where a "particular person or persons feel safe putting their narcotics[,]" and is used "as a safe place so you can do business, and then you bring out whatever was ordered[.]" (*Id.* at 24-25). He opined that the items found in the apartment were possessed with the intent to deliver. (*See id.* at 18).

17, 2014.[4]   After a hearing, the PCRA court denied the petition in an order filed on November 18, 2015, with the decision effective November 23, 2015. Appellant timely appealed.[5]

Appellant raises two questions for this Court's review:

> 1.     Did the [PCRA] [c]ourt err in finding the Appellant in possession of controlled substances that were thrown out at the preliminary hearing and imposing an unconstitutional mandatory minimum sentence?
>
> 2.     Did the [PCRA] [c]ourt err in failing to grant leave for the Appellant to have discovery into the corrupt Philadelphia police officers involved in his arrest and in failing to [h]old an evidentiary hearing?

(Appellant's Brief, at 8).

Our standard of review of the denial of a PCRA petition is well-established:

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level.  Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.  However, we afford no such deference to its legal conclusions.  Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is

_____

[4] The July 17, 2014 petition was merely a re-filing of the one filed on May 27, 2013.

[5] Pursuant to the PCRA court's order, Appellant filed a timely Rule 1925(b) statement on May 9, 2016, and the court filed an opinion on July 28, 2016. ***See*** Pa.R.A.P. 1925.

plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

*Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016) (citation omitted).

In his first issue, Appellant alleges trial court error on the bases that: (1) he was convicted of possessing controlled substances for which he was not bound over for trial;[6] and (2) his mandatory minimum sentence is illegal pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013). (*See* Appellant's Brief, at 15-18). We will address each of these arguments separately.

In his first claim, Appellant asserts that his PWID conviction should only have been for the drugs found on him, not for the larger amount seized from the apartment, because the preliminary hearing judge only bound over the case for the charge on the drugs in his physical possession. (*See id.* at 15). This issue is waived on two bases.

First, Appellant's claim is waived for his failure to provide any pertinent legal citation or discussion. (*See id.* at 15); Pa.R.A.P. 2101, 2119(a)-(b). His thin argument is based on one statement by the preliminary hearing judge, taken out of context, and does not contain any legal authority to

---

[6] It is not clear that Appellant's claim is cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2). However, even assuming it is a claim for which PCRA relief is available, for the reasons discussed *infra*, it is waived for our review.

support his position that the jury was prohibited from finding him guilty of PWID for the drugs in both his physical and constructive possession. (**See** Appellant's Brief, at 15).

Second, it is well-settled that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." 42 Pa.C.S.A. § 9544(b); **see also** 42 Pa.C.S.A. § 9543(a)(3). Here, Appellant failed to raise this issue either in his post-trial motion or on direct appeal, where the only claim he raised was the denial of his motion to suppress. (**See** N.T. Sentencing, 11/08/10, at 4 (trial court observing the "focus [of the post-trial motion] is on the [denial of the] motion to suppress[.]"));[7] (**Commonwealth v. Savage**, No. 3440 EDA 2010, unpublished memorandum, at *2 (Pa. Super. filed June 30, 2011)). Therefore, Appellant's first claim of error is waived on this basis as well. **See** 42 Pa.C.S.A. §§ 9543(a)(3), 9544(b); **Commonwealth v. Koehler**, 36 A.3d

---

[7] The certified record does not contain Appellant's post-trial motion for our review; therefore, we rely on the notes of testimony from sentencing, where the motion was argued. (**See** N.T. Sentencing, at 3-13); **see also Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006), *appeal denied*, 916 A.2d 632 (Pa. 2007) ("Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty.") (citation omitted).

121, 160-61 (Pa. 2012) (concluding appellant waived claim where he failed to raise it in post-trial motion or in direct appeal).[8]

Next, Appellant argues that the trial court imposed an unconstitutional mandatory minimum sentence on the basis of **Alleyne**, **supra**. (**See** Appellant's Brief, at 15-18). This claim fails.

"In **Alleyne**, the Supreme Court [of the United States] held that 'facts that increase mandatory minimum sentences must be submitted to the jury and must be found beyond a reasonable doubt.' **Alleyne**, **supra** at 2163." **Commonwealth v. Miller**, 102 A.3d 988, 994 (Pa. Super. 2014). "The **Alleyne** decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence

_____

[8] Moreover, we briefly note that Appellant's allegation would lack merit.

"At the pre-trial stage of a criminal prosecution, it is not necessary for the Commonwealth to prove the defendant's guilt beyond a reasonable doubt, but rather, its burden is merely to put forth a _prima facie_ case of the defendant's guilt." **Commonwealth v. Nieves**, 876 A.2d 423, 424 (Pa. Super. 2005), _appeal denied_, 891 A.2d 731 (Pa. 2005) (citation omitted).

Here, the preliminary hearing transcript reveals that the judge found that the Commonwealth established a _prima facie_ case of PWID. (**See** N.T. Preliminary Hearing, 9/10/08, at 20, 23). A careful review of the entire proceeding reveals that the judge did not feel it appropriate to be bound to a finding of particularity, and it did make a specific finding about the weight of the drugs for which Appellant could be prosecuted. (**See id.** at 20-22).

standard." ***Commonwealth v. Ferguson***, 107 A.3d 206, 214 (Pa. Super. 2015) (citation omitted).

However, the Pennsylvania Supreme Court expressly held that "***Alleyne*** does not apply retroactively to cases pending on collateral review[.]" ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016). Therefore, Appellant's judgment of sentence is not unconstitutional. ***See id.*** Appellant's argument is meritless. Hence, Appellant's first issue does not afford him relief.

In his second issue, Appellant maintains that the PCRA court erred in denying his request for discovery, and in failing to hold an evidentiary hearing on this issue. (***See*** Appellant's Brief, at 19-20). Appellant's claim does not merit relief.

Pursuant to Pennsylvania Rule of Criminal Procedure 902, post-conviction requests for discovery shall not be permitted, "except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1).

> [I]t is for the [PCRA] court, in its discretion, to determine whether a case is exceptional and discovery is therefore warranted.
>
> We will not disturb a court's determination regarding the existence of exceptional circumstances unless the court abused its discretion. An abuse of discretion is not a mere error in judgment. Instead, it is a decision based on bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law. Moreover, we recall that the appellant has the duty to convince us an abuse occurred.

*Commonwealth v. Frey*, 41 A.3d 605, 611 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013) (citations omitted). Importantly, "mere speculation that exculpatory evidence might exist does not constitute an exceptional circumstance warranting discovery." *Id.* at 612 (citation omitted).

In its July 28, 2016 opinion, the PCRA court explained:

. . . Appellant contends that the underlying reasons for the Commonwealth's withdrawal of prosecution[s] [involving Officers Spicer and Reynolds in other, unrelated, cases] may provide a basis to attack [his] conviction[]. He further points out that the Commonwealth withdrew prosecution in over 270 unrelated cases involving Police Officers Michael E. Spicer, . . . Brian Reynolds[, and others,] and as a result, the Commonwealth should explain why it withdrew prosecution in these cases. However, although the Commonwealth may not have explained why it withdrew prosecution in the other cases, the Appellant's claim has little relevance to [his] case.

In [Appellant's] case, Officer Reynolds, along with many other officers, was merely present at the scene during the Appellant's arrest. Reynolds' mere presence at the scene neither compromised evidence nor provided the Appellant with a basis to attack his conviction. Just as importantly, Officer Spicer only testified at the Appellant's trial as an expert witness. He was not part of the investigation at any stage, not present during the time of the Appellant's arrest, and was not a fact witness against the Appellant. Neither does the Appellant contend there was any error in Officer Spicer's expert testimony. For all of these reasons, the Commonwealth did not have to explain to the Appellant why it withdrew prosecution in some unrelated cases.

. . . Appellant merely speculates that the Commonwealth's reason for withdrawal of prosecution against Officers Spicer and Reynolds may provide a basis to attack his conviction. Even if the court had granted the Appellant's [m]otion, he cannot demonstrate that his information would have been outcome determinative. Interestingly enough[,] these [o]fficers were ultimately acquitted in federal court. As Officer Reynolds' mere

> presence at the scene of the arrest, along with Officer Spicer's uncontested expert drug testimony, does not meet a showing of "exceptional circumstances," the Appellant has not demonstrated that the court abused its discretion. Therefore, this claim should be dismissed.

(PCRA Court Opinion, 7/28/16, at 13-14) (quotation marks, emphases, and footnote omitted). We agree with the sound reasoning of the PCRA court.

There is nothing in the PCRA court's decision that suggests that it is "based on bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law." *Frey*, *supra* at 611. Additionally, the five sentences Appellant devotes to this issue fail to demonstrate either that an abuse occurred, or that his claim about the existence of exculpatory evidence is anything more than pure speculation. (*See* Appellant's Brief, at 19). This contention fails.

In his last argument, Appellant maintains that the PCRA court erred in failing to hold a hearing on the exculpatory evidence issue. (*See id.* at 19-20). We disagree.

We have long held that "[a] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." *Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa. Super. 2015), *appeal denied*, 136 A.3d 981 (Pa. 2016) (citations omitted); *see* Pa.R.Crim.P. 907(1).

In this case, the PCRA court stated:

> The Commonwealth's decision to withdraw prosecution in outside cases involving Officers Reynolds and Spicer is not an issue of material fact to the Appellant's case, given the very limited role these officers played in the Appellant's case based on the totality of the circumstances. No purpose would be served by any further proceedings in this case. The Appellant has not shown that the basis of the Commonwealth's decision to withdraw prosecution created a genuine issue of material fact that would merit a hearing. . . .

(PCRA Ct. Op., at 14-15).

We agree. A review of the trial testimony reflects that, although Officer Reynolds rode along with Officer Rogan to the scene of the arrest, he did not participate in Appellant's arrest or testify at trial. (**See** N.T. Trial, 9/21/10, at 33-34). Additionally, Officer Spicer provided expert testimony. (**See** N.T. Trial, 9/22/10, at 8). He was not involved with Appellant's underlying case. (**See id.**). The PCRA court could discern these facts from the record and properly determined that Appellant's speculation about the existence of exculpatory evidence did not require a further hearing.

Therefore, we conclude that the record supports the PCRA court's denial of Appellant's PCRA petition. **See Benner**, **supra** at 919.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/2017