J-A08026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QUINN L. WISE | : | No. 1366 EDA 2016 |

Appeal from the Order April 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000732-2016

BEFORE:   PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:      **FILED JULY 12, 2017**

As the Commonwealth presented sufficient evidence to establish a *prima facie* case for the charged offenses, I respectfully dissent from the Majority's decision to affirm the trial court's denial of the Commonwealth's motion to reinstate the charges filed against Appellee Quinn L. Wise.

Our standard of review is well-settled:

> The question of the evidentiary sufficiency of the Commonwealth's *prima facie* case is one of law as to which this Court's review is plenary.
>
> At the pre-trial stage of a criminal prosecution, it is not necessary for the Commonwealth to prove the defendant's guilt beyond a reasonable doubt, but rather, its burden is merely to put forth a *prima facie* case of the defendant's guilt. A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and

---

[*] Former Justice specially assigned to the Superior Court.

establishes sufficient probable cause to warrant the belief that the accused committed the offense. The evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to go to the jury. Moreover, inferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect, and the evidence must be read in the light most favorable to the Commonwealth's case.

*Commonwealth v. Nieves*, 876 A.2d 423, 424 (Pa.Super. 2005). Questions regarding the weight and credibility of evidence must be resolved by the fact-finder at trial, not at the preliminary hearing. *Commonwealth v. Landis*, 48 A.3d 432, 444 (Pa.Super. 2012).

Appellee was charged with hindering apprehension or prosecution (18 Pa.C.S. § 5105) and several violations of the Uniform Firearms Act (VUFA): possessing a firearm with an altered serial number (18 Pa.C.S. § 6110.2), possession of a firearm not to be carried without a license (18 Pa.C.S. § 6106(a)), and carrying a firearm in public in Philadelphia (18 Pa.C.S. § 6108). The trial court quashed the firearm charges as it specifically concluded that the prosecution failed to produce any evidence that Appellee possessed the gun used in the homicide. However, the record does not support this conclusion.

Although Appellee was not found in actual possession of the firearm, the Commonwealth argued that there was evidence that Appellee constructively possessed the firearm. To prove constructive possession, the Commonwealth must show that the accused "exercise[d] a conscious dominion over the illegal [contraband.]" *Commonwealth v. Valette*, 531

- 2 -

Pa. 384, 388, 613 A.2d 548, 550 (1992). Conscious dominion is the "power to control the contraband and the intent to exercise that control." *Id.* (citing **Commonwealth v. Macolino**, 503 Pa. 201, 206, 469 A.2d 132, 134 (1983)).

The prosecution presented a *prima facie* case that supports an inference that Appellee had constructive possession of the firearm in question. Upon investigating the shooting death of Alexandro Fauntleroy, Jr., officers discovered the unlocked Buick Enclave twenty feet from the decedent's body and noticed the keys were still in the ignition and a firearm was laying on the front passenger seat floor. The officers then closed off the surrounding area as a crime scene. Several hours after the murder, in the middle of the night, Appellee walked past the crime scene tape meant to prevent access to the block and opened the door of the Buick Enclave. When questioned by officers, Appellee falsely claimed that her name was Nicolette Wise and gave the officers her sister's driver's license.

Appellee subsequently admitted that she came to remove the SUV from the crime scene as her boyfriend, Leslie Williams, had called her in the middle of the night and urged her to retrieve the SUV from the block as there were "a lot of cops around" the car. N.T., 1/20/16, at 17. Williams admitted to Appellee that he had left the SUV parked on that block when "things got crazy." N.T., 1/20/16, at 17. After Appellee admitted to giving a false name, she conceded that the SUV belonged to her, but it indicated that was registered to her sister. Although Appellee denied knowing a gun was in

her SUV and claimed she had never seen Williams with a firearm, Appellee's DNA was found on the magazine of the gun found in the SUV. That gun had an obliterated serial number and was determined to be the weapon used in the homicide of Fauntleroy.

Viewing the evidence presented at the preliminary hearing in the light most favorable to the Commonwealth, I conclude the prosecution met its burden of establishing at least a *prima facie* case that Appellee had constructive possession of the firearm with the obliterated serial number in the SUV and was not licensed to carry the firearm or permitted to possess it in public in Philadelphia.

For the foregoing reason, I dissent.