J-A08027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EARL MCCORMICK | : | No. 2281 EDA 2018 |

Appeal from the Order Entered July 2, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  MC-51-CR-0038889-2017.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 08, 2020**

The Commonwealth appeals the trial court's order denying its motion to refile charges against Earl McCormick based on the court's determination that there was insufficient evidence to establish firearm and drug violations.  For the reasons that follow, we reverse and remand.

The trial court summarized the relevant factual and procedural history as follows:

> On December 27, 2017, at approximately 9:35 p.m., Officer [Matthew] Lally [and his partner] observed [McCormick] driving a silver Chevy Impala with heavy tint on the side and back windows, traveling northbound on the 2900 block of Judson Street.  The officer then saw [McCormick] turn into a parking spot without using his signals and [the officer] activated his lights.  [McCormick] stepped out [of] the vehicle and the officers approached [him while he] was still at the driver's side of the vehicle.  Standing by the door, the officer testified that he saw a three and a half-inch, clear vial with a blue lid containing alleged marijuana on the door handle.   The officer further testified that he "observed inside the car that the light switch that was directly

to the left of [the] steering wheel was removed from its casing. Behind the casing [was a black loaded firearm]." [When the officers located the firearm, McCormick stated "Did somebody call on me?"] The officer ran McCormick's name for a valid permit to carry but it came back negative. The officer also ran the vehicle and determined the vehicle belonged to McCormick. As a result of the incident from that night, McCormick was charged with [violations of the Uniform Firearms Act ("VUFA") under 18 Pa.C.S.A.] §§ 6105, 6106 and 6108, and possession of marijuana under 35 Pa.C.S.A. § 780-113(a)(31).

Trial Court Opinion, 9/9/19, at 1-2.

On February 22, 2018, the magisterial court conducted a preliminary hearing. The Commonwealth presented evidence that McCormick was the owner, driver, and sole occupant of the vehicle from which the firearm and marijuana were recovered. McCormick stipulated that he had a prior conviction that made him ineligible to possess a firearm. The magisterial court held that the Commonwealth had not presented sufficient evidence to establish a *prima facie* case, and dismissed the charges for lack of evidence.

The Commonwealth thereafter filed a motion in the Court of Common Pleas to refile the charges against McCormick. The trial court conducted a hearing on the matter. The trial court incorporated the notes of testimony from the preliminary hearing into the record, along with documents establishing McCormick's ownership of the vehicle, his criminal record, and his non-licensure to own a firearm. On July 2, 2018, the trial court denied the motion to refile charges. The Commonwealth filed a timely notice of appeal, and both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

The Commonwealth raises the following question for our review: "Did the lower court err in ruling that the evidence was insufficient to establish a *prima facie* case that [McCormick] unlawfully possessed a firearm and marijuana, where the evidence showed that [McCormick] was the owner, driver and sole occupant of the car in which the firearm and marijuana was found?" Commonwealth Brief at 4.

Our Supreme Court has held that "it is settled that the evidentiary sufficiency, or lack thereof, of the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary." **Commonwealth v. Karetny**, 880 A.2d 505, 513 (Pa. 2005) (citation omitted). The trial court is afforded no discretion in ascertaining whether, as a matter of law and in light of the facts presented to it, the Commonwealth has carried its pretrial *prima facie* burden to make out the elements of a charged crime. **Id**.

At the preliminary hearing stage of a criminal prosecution, the Commonwealth's burden is not to prove a defendant's guilt beyond a reasonable doubt; rather, it is merely to put forth a *prima facie* case of the defendant's guilt." **Commonwealth v. Huggins**, 836 A.2d 862, 866 (Pa. 2003). A *prima facie* case exists where the Commonwealth produces evidence to establish "each of the material elements of the crime charged and establishes sufficient probable cause to warrant the belief that the accused committed the offense." **Id**. Furthermore, the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted

in permitting the case to be decided by the jury. *Id*. Inferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect, and the evidence must be read in the light most favorable to the Commonwealth's case. *Commonwealth v. Nieves*, 876 A.2d 423, 424 (Pa. Super. 2000).

Here, the Commonwealth charged McCormick with VUFA offenses under 18 Pa.C.S.A. §§ 6105, 6106 and 6108, and possession of marijuana under 35 Pa.C.S.A. § 780-113(a)(31). The elements of those offenses are as follows. A person is guilty of possessing a firearm by a prohibited person if he possesses a firearm after having been convicted of a crime rendering him ineligible to do so. *See* 18 Pa.C.S.A. § 6105. A person is guilty of carrying a firearm without a license if he carries a firearm in a vehicle without a valid and lawfully issued license. *See id*. at § 6106(a)(1). A person is guilty of carrying a firearm in public if he carries a firearm at any time on a public street without a license to do so. *See id*. at § 6108. A person is guilty of possessing marijuana if he possesses thirty grams or less of marijuana for personal use. *See* 35 P.S. § 780-113(a)(31).

At the hearing on the motion to refile the charges against McCormick, the Commonwealth presented the notes of testimony from the preliminary hearing, which were incorporated into the trial court record. N.T., 6/15/18, at 3. Notably, the preliminary hearing transcript established that, on the date in question, McCormick was the operator and sole occupant of a silver Chevy Impala on a street in North Philadelphia. N.T., 2/22/18, at 6. The rear and

- 4 -

side windows of the vehicle were heavily tinted. *Id*. at 8. Police observed McCormick pull off the road into a parking spot without activating his turn signal. *Id*. McCormick then got out of the vehicle. *Id*. at 7. The police officers pulled over their police vehicle and approached McCormick as he was positioned at the driver's side door of the vehicle. *Id*. As they approached, Officer Lally could immediately see a clear vial on the door handle which appeared to contain marijuana. *Id*. at 7, 16. The officers field tested the substance and confirmed that it was marijuana. *Id*. The officers then conducted a search of the interior of the vehicle and observed that the light switch panel to the left of the steering wheel had been removed from its casing. *Id*. at 7, 19. Behind the casing was a loaded semiautomatic firearm. *Id*. at 7. The officers ran a check for a valid permit to carry a firearm, and discovered that McCormick did not have a firearm permit. *Id*. at 8. The officers also determined that McCormick was the owner of the vehicle. *Id*.

The Commonwealth also introduced (1) McCormick's criminal record, which reflected that he had a prior conviction which made him ineligible to possess a firearm; (2) a certificate of non-licensure to carry firearm, which showed that McCormick did not have a firearm permit; and (3) a PennDOT record showing that McCormick was the owner of the vehicle in question. N.T., 6/15/18, at 3.

In its opinion, the trial court considered Officer Lally's testimony that he observed the glass vial of marijuana and firearm through the car's heavily tinted windows under the plain view exception to the warrant requirement.

- 5 -

Trial Court Opinion, 9/9/19, at 4. In the trial court's view, "[i]t is unrealistic to think that anyone looking through heavily tinted windows, well after 9 p.m., in December, could see anything through that window." *Id*. at 5. On this basis, the trial court denied the Commonwealth's motion to refile charges.

Based on our review of the record, we conclude that the trial court erred in denying the Commonwealth's motion to refile the charges. Contrary to the trial court's finding, Officer Lally did not testify that he observed the vial of marijuana through the vehicle's heavily tinted windows. Instead, he simply testified that he saw the vial as he approached McCormick, who was positioned at the driver's side door of the vehicle. N.T., 2/22/18, at 7. At the hearing on the motion to refile charges, the Commonwealth clarified that the driver's side door remained open as the officers approached the vehicle. N.T., 6/15/18, at 7. The defense did not challenge this particular clarification.

Importantly, the weight and credibility of the evidence is not a factor at the preliminary hearing stage. *See Commonwealth v. Landis*, 48 A.3d 432, 444 (Pa. Super. 2012). Thus, it was inappropriate for the trial court to consider the credibility of Officer Lally's testimony. Moreover, as noted above, we read the preliminary hearing record in the light most favorable to the Commonwealth. *See Nieves*, 876 A.2d at 424 (holding that inferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect). Thus, while Officer Lally did not indicate at the preliminary hearing whether the vehicle door was open or closed, it can be reasonably drawn from his testimony that he was able to immediately view

the vial on the door handle because the vehicle door was open. If the vehicle door had been closed, then it would be questionable as to whether he would have been able to immediately see the vial of marijuana on the interior door handle. Therefore, we must grant the reasonable inference that the vehicle door was open as Officer Lally and his partner approached McCormick, thereby permitting them to view the interior of the driver's side door and seating area.

In view of this inference and the evidence presented, we conclude that the Commonwealth established a *prima facie* showing of the elements of the crimes it sought to refile against McCormick. The evidence established that McCormick was the owner, driver, and sole occupant of the car in which the marijuana and firearm were found. N.T., 2/22/18, at 6, 8. Both the marijuana and the loaded firearm were found within McCormick's arm's reach such that he constructively possessed them (*i.e.*, the marijuana was in the handle of the driver's side door and the firearm was behind the light panel casing left of the steering wheel). *Id*. at 7. McCormick's intent to control the contraband was corroborated by evidence of his consciousness of guilt when he responded by asking the officers, "Did somebody call on me?" *Id*. at 20. McCormick was driving on a public street in Philadelphia. *Id*. at 6. He did not have a license to carry a firearm, and was ineligible to do so based on a prior conviction. *Id*. at 6, 21–22. The substance in the vial was, in fact, marijuana. *Id*. at 7. As this evidence is sufficient to establish the material elements of the crimes charged, we agree with the Commonwealth that the trial court erred in refusing to allow the charges to be refiled. We therefore reverse the July 2,

2018 order, and remand for the entry of an order permitting the charges to be refiled and bound for court.

Order reversed. Case remanded to allow charges to be refiled and bound for court. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/20