J-S36025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH WILLIAMS, | |
| Appellant | No. 2652 EDA 2016 |

Appeal from the PCRA Order of August 11, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005462-2013

BEFORE:  PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 14, 2017**

Appellant, Kenneth Williams, appeals *pro se* from the order entered on August 11, 2016, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court ably summarized the underlying facts and procedural posture of this appeal:

> On June 6, 2012, [Appellant] was arrested and charged with murder and related offenses.  On July 14, 2014, [Appellant] pled guilty before [the trial] court in exchange for a negotiated sentence of [20] to [40 years'] imprisonment for third-degree murder, a consecutive sentence of two-and-a-half to five years[' imprisonment] for possession of a firearm [by a] prohibited [person], and a concurrent sentence of one to two years[' imprisonment] for firearms not to be carried without a license, for [an aggregate] sentence of [22 ½ to 45 years in prison].
>
> . . .

At the negotiated plea hearing on July 14, 2014, [Appellant] agreed to the following facts:

On Saturday, April 14, 2012, just before noon, [Appellant] and an unidentified male were following the victim in this case, Vondell Reavis, around to the victim's block.

[Appellant] then approached the victim, and an argument ensued. During that argument, [Appellant] took out a gun[] and the victim tried to struggle with [Appellant] to get the gun away from him.

During the incident, [Appellant] fired a total of three times, striking the victim three times, two of which were close-range shots to the victim's torso area and one of which was a fatal shot where it is alleged that [Appellant] pushed the victim away from him and then made that fatal shot through his armpit which went through the victim's lungs and heart.

[Appellant] then fled along with a male that was with him, and the victim fell to the ground. The victim was pronounced dead at the hospital.

The motive for this case was drug-related, and the evidence would also show that [Appellant] had a prior conviction for possession with intent to deliver which precluded him from carrying a firearm.

[N.T. Guilty Plea Hearing, 7/14/14,] at 14-16.

PCRA Court Opinion, 8/11/16, at 1-2 (some internal capitalization and corrections omitted).

Appellant did not file a notice of appeal from his judgment of sentence.

On July 9, 2015, Appellant filed a *pro se*, timely, first PCRA petition. Within the petition, Appellant claimed that plea counsel was ineffective for: 1) failing to investigate Appellant's self-defense claim; 2) failing to raise

Appellant's self-defense claim; and 3) coercing Appellant "into pleading guilty knowing [Appellant] had the viable [self-defense claim]." Appellant's *Pro Se* PCRA Petition, 7/9/15, at 1-3E (some internal capitalization omitted). Appellant also claimed that he received an illegal mandatory minimum sentence for third degree murder and that the clerk of courts had interfered with his right to appeal his judgment of sentence by failing to provide him with the transcript from his preliminary hearing. *Id.* at 3E-4. Appellant later filed a supplemental PCRA petition, wherein he claimed that plea counsel was ineffective for "fail[ing] to investigate [that Appellant] was coerced into pleading guilty where if guilty plea counsel did properly investigate the mitigating evidence[, Appellant] would have rather opted to go to trial instead of pleading guilty." Appellant's Supplemental PCRA Petition, 11/24/15, at 4 (internal capitalization omitted).

The PCRA court appointed counsel to represent Appellant during the proceedings. However, on June 30, 2016, appointed counsel filed a no-merit letter and a request to withdraw as counsel, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After reviewing counsel's no-merit letter, the PCRA court issued Appellant notice, pursuant to Pennsylvania Rule of Criminal Procedure 907, of its intent to dismiss Appellant's petition in 20 days, without holding a hearing. PCRA Court Order, 10/21/15, at 1-3.

Appellant filed a response to the PCRA court's Rule 907 notice, wherein he repeated the claims he raised in his PCRA petition and also claimed that

trial counsel was ineffective for failing to object to the lack of a presentence report. Appellant's Response, 7/21/16, at 1-3. On August 11, 2016, the PCRA court issued an opinion and order, which dismissed Appellant's petition and granted counsel's motion to withdraw. PCRA Court Opinion and Order, 8/11/16, at 1-8. Appellant filed a timely notice of appeal

Appellant raises two claims on appeal:

> [1.] Is [] 18 Pa.C.S.A. § 2502(c) unconstitutional under the void for vagueness doctrine in that it promotes the arbitrary and discriminatory enforcement due to its over broad definition of criminal conduct?

> [2.] Is Appellant's guilty plea void due to being unknowingly and unintelligently induced due to the ineffective assistance of counsel?

Appellant's Brief at 5.[1]

As we have stated:

> [t]his Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010) (internal citations omitted).

---

[1] For ease of discussion, we have re-ordered Appellant's claims on appeal.

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffectiveness of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is, however, presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

We also note that "[a] criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). Yet, where the ineffectiveness of counsel is claimed in connection with the entry of a guilty

plea, a petitioner may only obtain relief where "counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating [the] entry of an unknowing, involuntary, or unintelligent plea." *Commonwealth v. Moser*, 921 A.2d 526, 530 n.3 (Pa. Super. 2007) (*en banc*) (internal citations and quotations omitted). As we have explained:

> once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.

*Commonwealth v. Stork*, 737 A.2d 789, 791 (Pa. Super. 1999) (internal quotations, citations, and corrections omitted), *quoting Commonwealth v. Myers*, 642 A.2d 1103, 1105 (Pa. Super. 1994). To prove prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Appellant first claims that the third-degree murder statute is void for vagueness. Appellant's Brief at 12-17. This claim is waived, as Appellant did not raise the claim in his PCRA petition. *Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) ("a claim not raised in a PCRA petition cannot be raised for the first time on appeal"); *Commonwealth v. Washington*, 927 A.2d 586, 601 (Pa. 2007) ("[a]ny claim not raised in the PCRA petition is waived and not cognizable on appeal").

- 6 -

Second, Appellant claims that his trial counsel was ineffective for failing to investigate three witnesses: Gary Lathan, Lillie Reavis, and Vaughn Christopher. *See* Appellant's Brief at 8-11. These claims fail.

With respect to Gary Lathan, Appellant claims that his plea counsel was ineffective for failing to impeach Mr. Lathan at the preliminary hearing, with possible *crimen falsi* convictions and possible suspicious motives. *See* Appellant's Brief at 10-11. Appellant's claim fails, given that: Mr. Lathan was testifying at a preliminary hearing, the purpose of which "is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime," *Commonwealth v. Tyler*, 587 A.2d 326, 328 (Pa. Super. 1991); Appellant later pleaded guilty to murder; and, even if Appellant's suppositions regarding Mr. Lathan's possible *crimen falsi* convictions and possible suspicious motives are true, Appellant never claimed that, had counsel impeached Mr. Lathan at the preliminary hearing, Appellant "would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The claim thus fails.

Next, Appellant claims that plea counsel was ineffective for failing to investigate Lillie Reavis, who informed the police that she saw a male running from an area near the crime scene and that she was "pretty sure" Appellant was not the man she saw. Appellant's Brief at 9. Appellant's claim of ineffectiveness fails because Appellant does not deny shooting the victim; Appellant merely claims that he did so in self-defense. *See*

Appellant's Affidavit Attached to *Pro Se* PCRA Petition, 7/9/15, at 1. Therefore, Ms. Reavis' potential testimony could not have changed Appellant's decision to plead guilty.

Finally, Appellant claims that his plea counsel was ineffective for failing to investigate an individual named Vaughn Christopher, who told the police that, prior to the shooting, the victim "jumped up and grabbed [Appellant's] hands." Appellant's Brief at 9. Again, however, such potential testimony could not have altered Appellant's decision to plead guilty, as the testimony would not have entitled Appellant to a jury instruction on self-defense or justification. ***See Commonwealth v. Hansley***, 24 A.3d 410, 421 (Pa. Super. 2011) ("[e]ven if the court accepted as true [a]ppellant's assertion that [the victim] failed to identify himself as a Target employee before he 'grabbed' [a]ppellant, [a]ppellant's decision to respond to [the victim's] efforts to restrain [a]ppellant by withdrawing a knife and pointing it at [the victim's] stomach does not constitute proper justification under Section 505, and does not meet the three (3) elements required to establish self-defense. The court properly determined as a matter of law that [a]ppellant was not entitled to a jury instruction on self-defense or justification under the facts of this case").

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/14/2017</u>