587 A.2d 326

**COMMONWEALTH of Pennsylvania**

v.

**Terry TYLER, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 8, 1991.

Filed Feb. 26, 1991.

430

432

David H. Acker, New Castle, for appellant.

Thomas W. Mintett, Asst. Dist. Atty., Ellwood City, for Com., appellee.

Before TAMILIA, POPOVICH and JOHNSON, JJ.

TAMILIA, Judge:

Terry Tyler appeals from a judgment of sentence of one to two years incarceration entered after his having been found guilty, by a jury, of possession of a controlled substance [1] and delivery of a controlled substance.[2] Appellant argues, essentially two issues: 1) his preliminary hearing was constitutionally inadequate and 2) the court erred in limiting the scope of cross-examination of the Commonwealth informant. For the reasons that follow, we find these claims to be devoid of merit and, accordingly, affirm.

The appellant was arrested after having sold crack cocaine on September 27, 1988 to Edward Mazur, a confidential police informant who was cooperating with Trooper William Chiappini of the Pennsylvania State Police. At the preliminary hearing, the Commonwealth was permitted, over defense objections, to enter through the trooper the statement of Mazur as to the delivery. When the defense attempted to call Mazur to testify, the Commonwealth's objection to Mazur's testimony was sustained when the defense was unable to satisfy the Commonwealth's request for an offer of proof. The use of the officer's hearsay testimony at the preliminary hearing and the magistrate's refusal to allow the informant's testimony gave rise to an omnibus pretrial motion which included, *inter alia,* a motion for the issuance of a writ of habeas corpus and a motion to quash informations, both of which related to the

1. 35 Pa.S. § 780–113(a)(16).
2. *Id.,* § 780–113(a)(30).

sufficiency of the appellant's preliminary hearing. The motions were denied and the case proceeded to trial during which Mazur testified but the appellant was not permitted to cross-examine him on certain collateral matters. The appellant was found guilty, post-trial motions were denied, and on June 11, 1990, he was sentenced to pay the costs of prosecution and to be incarcerated for a period of one to two years. This appeal followed.

Appellant argues his preliminary hearing was constitutionally inadequate in that the Commonwealth's prima facie case was established at the preliminary hearing by allowing Officer Chiappini to testify as to what Mazur had told him. Appellant also avers the magistrate's ruling disallowing Mazur's testimony at the hearing denied appellant his constitutional right to confront his accuser.

The admissibility of hearsay testimony at a preliminary hearing has most recently been upheld in *Commonwealth v. Troop*, 391 Pa.Super. 613, 571 A.2d 1084 (1990). Since the Commonwealth met its burden of proving appellant guilty beyond a reasonable doubt at trial, even if the Commonwealth had failed to establish a prima facie case at the preliminary hearing, it is immaterial. *Id.*, *quoting Commonwealth v. McCullough*, 501 Pa. 423, 461 A.2d 1229 (1983). Appellant also argues Mazur's presence at the preliminary hearing was a bar to the hearsay testimony of Officer Chiappini. We disagree.

The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime. *Commonwealth v. Wodjak*, 502 Pa. 359, 466 A.2d 991 (1983). Its purpose is *not* to prove defendant's guilt. Once appellant has gone to trial and been found guilty of the crime, any defect in the preliminary hearing is rendered immaterial Recently, in *Commonwealth ex rel. Buchanan v. Verbonitz*, 525 Pa. 413, 581 A.2d 172 (1990), in a plurality decision, Justice Larsen found that hearsay evidence *alone* may not be the basis for establishing a prima facie case in a

preliminary hearing. That case is inapposite here for three reasons. First, there was more than hearsay evidence to establish the prima facie case in the present situation. Second, a trial followed in the present case, during which guilt was established beyond a reasonable doubt, whereas in *Buchanan*, a direct appeal resulted from the trial court's denial of a petition for habeas corpus before trial. Third, appellant has failed procedurally to preserve his claim in proceeding to trial instead of taking a direct appeal from the denial of his petition for writ of habeas corpus, as was done in *Buchanan*. *See Commonwealth v. Hetherington*, 460 Pa. 17, 331 A.2d 205 (1975). While we have considered this matter on the merits, appellant is without a remedy. For any of the above reasons, appellant's claim is unsupportable.

■ As discussed in *Troop, supra*, there is no need for an affirmative showing of witness unavailability or unreliability in order to allow hearsay testimony at a preliminary hearing. *Id.*, 391 Pa.Superior Ct. at 622, 571 A.2d at 1089. *See also Commonwealth v. Branch*, 292 Pa.Super. 425, 437 A.2d 748 (1981); *Commonwealth v. Rick*, 244 Pa.Super. 33, 366 A.2d 302 (1976). Chiappini's testimony was properly admitted. Also, presentation of a witness is not required purely to establish his credibility as tested by cross-examination, as credibility is not an issue at a preliminary hearing.

■ Appellant's allegation he was denied his right to confrontation as assured by both the state and federal constitutions is equally without merit. The United States Supreme Court, in *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), observed that the right to confrontation is a trial right. The appellant's right to present witnesses at a preliminary hearing is governed in part by Pa.R.Crim.P. 141(c)(3) set forth below:

## RULE 141. PRELIMINARY HEARING

. . . .

(c) The defendant shall be present at any preliminary hearing except as provided in these rules, and may, if he desires:

. . . .

(3) call witnesses on his own behalf other than witnesses to his good reputation only, offer evidence on his own behalf and testify[.]

In accord with Rule 141, the appellant called informant Mazur to testify on his behalf. The appellant was unable, however, to satisfy the Commonwealth's procedurally valid request for an offer of proof. Parenthetically, we note that although Mazur was not permitted to testify at the appellant's preliminary hearing, he did appear and testify at the appellant's trial and was, at that time, subjected to cross-examination. The record reflects appellant had not spoken with Mazur nor taken his deposition prior to the preliminary hearing. Appellant was not aware of what the informant's testimony would be, but rather was attempting to depose Mazur via preliminary hearing testimony. As noted in the comment to Rule 141:

. . . .

The 1975 modification to paragraph (c)(3) is intended to make clear that the defendant can call witnesses at a preliminary hearing only to negate the existence of a *prima facie* case, and not merely for the purpose of discovering the Commonwealth's case. The modification changes the language of the Rule interpreted by the Court in *Commonwealth v. Mullen,* 460 Pa. 336, 333 A.2d 755 (1975). This amendment was made to preserve the limited function of a preliminary hearing.

We find the appellant was afforded a constitutionally sound preliminary hearing wherein he was afforded his constitutional rights and the rules of evidence and procedure were properly applied. Moreover, as discussed supra, in light of the fact the appellant's guilt was established beyond a reasonable doubt at trial, even assuming, arguendo, the preliminary hearing was flawed, a new trial would not be the appropriate remedy. *Commonwealth v. Murray,* 348 Pa.Super. 439, 502 A.2d 624 (1985). "Logically, a new preliminary hearing is foolish once the evidentiary trial is

completed without reversible error." *Id.,* 348 Pa.Superior Ct. at 452, 502 A.2d at 630.

■ Secondly, appellant contends the court erred at the time of trial by not allowing cross-examination of the informant relating to 1) prior inconsistent statements made by him under oath; 2) the circumstances surrounding his being hired as an informant; 3) his on-going drug trafficking while working as an informant; 4) false accusations made by him against another individual; 5) his motive for becoming an informant; and 6) his status as a fugitive from justice during the within investigation. We agree with the trial court, after a thorough examination of the record and relevant law, that appellant was not improperly limited during cross-examination. The scope and manner of cross-examination are within the sound discretion of the trial judge whose decisions will not be overturned absent an abuse of discretion. *Commonwealth v. Laskaris,* 385 Pa. Super. 339, 561 A.2d 16 (1989), *alloc. denied,* 525 Pa. 617, 577 A.2d 889 (1990). Commenting briefly on each of appellant's claims, we find there to have been no abuse of discretion by the trial court.

■ The alleged prior inconsistent statement made by Mazur concerning how he got money to satisfy his drug habit was collateral to the issue at trial. The court has an obligation to keep the testimony focused on the issues in the trial and to not allow the entry of collateral matters. To the extent appellant argues the alleged prior inconsistent statement is indicative of Mazur's faulty memory, questions concerning Mazur's allegedly impaired memory were asked and answered during cross-examination (T.T., 10/19/89, pp. 28–30).

■ Appellant's attempt to attack the informant's character by eliciting testimony on cross-examination regarding how Mazur came to be retained as an informant, i.e. did he lie about his criminal history, was properly disallowed. Specific acts of misconduct may not be used for impeachment purposes. *Commonwealth v. Hansell,* 185 Pa.Super.

443, 137 A.2d 816 (1958). Also, evidence of the informant's prior criminal history was barred by the court as a consequence of the Commonwealth's motion in limine.

■ Testimony concerning Mazur's alleged personal drug trafficking while acting as an informant was also properly disallowed. Appellant's allegations were speculative and unsupported by fact.

■ Appellant's argument he was wrongly prevented from asking Mazur questions concerning what was determined by the trial court to be an unrelated misidentification is likewise in vain. Mazur's supposed misidentification of another suspect in the investigation had been resolved in the Commonwealth's motion in limine by affidavits to the contrary. We find appellant's questions concerning Mazur's possible motive for cooperating with the police to have their basis in speculation and to not be a proper cross-examination issue.

■ The court disallowed any testimony relative to the charges from which Mazur's fugitive status emanated. Such charges, the court found, were unrelated to the matter at bar and, moreover, were dismissed prior to the commencement of trial. Any inference to an alleged deal between the informant and the Commonwealth was conjecture on the appellant's part and was not a proper subject for cross-examination.

Based on the foregoing discussion, we find the appellant was afforded all rights provided by the Pennsylvania and United States Constitutions as well as the Pennsylvania rules of evidence and criminal procedure.

Judgment of sentence affirmed.