J-S23040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MARIA CRUZ :
:
Appellant : No. 2348 EDA 2017

Appeal from the Judgment of Sentence June 19, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0007399-2016

BEFORE: SHOGAN, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED MAY 29, 2018**

Appellant, Maria Cruz, appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County, which sitting as finder of fact in Appellant's non-jury trial convicted her of Unauthorized Use of a Motor Vehicle, 18 Pa.C.S. § 3928(a). Sentenced to one year of probation, Appellant contends the court erred by not granting at the preliminary hearing her motion to quash the bill of information for the Commonwealth's purported failure to make out a *prima facie* case against her. We affirm.

The trial court aptly sets forth the pertinent facts and procedural history as follows:

> On October 12, 2016, Appellant was arrested and charged with Unauthorized Use of a Motor Vehicle, Receiving Stolen Property, Theft by Deception-False Imprisonment, and Theft by Unlawful Taking-Movable Property.

---

\* Former Justice specially assigned to the Superior Court.

A Preliminary Hearing was held on November 11, 2016, in front of the Honorable Judge Leonard V. Tenaglia in Darby, Delaware County. At the hearing, the Commonwealth presented evidence from Mr. William Wilmont and Edward Hurley. Mr. Wilmont testified that he is employed by Chester Pike Auto Sales in Delaware County, Pennsylvania. N.T. 11/23/17 at 6. Appellant had purchased two vehicles, a Town and Country Minivan and a Nissan Rogue, from the lot in Philadelphia, South Philly Auto Sales; both vehicles were registered to Appellant. N.T. at 9. After complications with the Appellant's payment schedule, she was instructed to bring both vehicles back and was told that she would be refunded the money she had already paid for vehicles. N.T. at 7.

On September 7, 2016, a repossession company repossessed the Nissan Rogue and transported it to Chester Pike Auto Repair, in Delaware County. N.T. at 12. Appellant and her daughter eventually turned in the Minivan and Appellant's money, in the amount of $5,260.00, was refunded to her. N.T. at 6-7. Appellant turned in a set of keys for each vehicle. N.T. at 8. The Minivan was transported to the lot at Chester Pike Auto Sale, located up the street, also in Delaware County. N.T. at 10.

The following day, both cars were missing from the respective lots. N.T. at 8. Mr. Wilmont called the police to report the Minivan stolen from the lot. N.T. at 8.

Mr. Hurley testified that he runs Chester Pike Auto Repair in Delaware County, Pennsylvania, working on repairs and towing vehicles. N.T. at 16, 20. On September 7, 2016, Mr. Hurley came to work and noticed that a Nissan Rogue, which was parked on the front of their lot, [and] with the keys hanging on his board, was missing. N.T. at 16. Mr. Hurley contacted the Sharon Hill Police Department to report the vehicle as stolen. N.T. at 16.

On October 11, 2016, Mr. Hurley received a phone call from Chester Pike Auto Sales relaying a message that the missing vehicles were located in a lot in Philadelphia. Mr. Hurley drove to the location in Philadelphia and observed the vehicle in a private parking lot. Mr. Hurley contacted the Philadelphia Police Department. Upon their arrival, police officers made contact with Appellant and her daughter. After about an hour of investigation, Appellant turned over keys to the Minivan to the police and began removing her belongings from the Minivan. N.T. at 19.

After the Preliminary Hearing, Appellant was bound over to the Court of Common Pleas on the following charges: One count of Unauthorized Use of a Motor Vehicle, one count of Receiving Stolen Property and one count of Theft by Unlawful Taking, all in reference to the Minivan.

On January 19, 2017, counsel for Appellant filed a Motion to Quash the Information. On February 27, 2017, after a hearing and a review of the Notes of Testimony from the November 23, 2017, Preliminary Hearing, [the trial] court denied the Motion.

After a non-jury trial conducted on June 19, 2017, Appellant was found guilty of Unauthorized Use of a Motor Vehicle and not guilty of Receiving Stolen Property and Theft by Unlawful Taking.

Trial Court Opinion, 10/2/17, at 1-3.

Appellant filed a timely notice of appeal and, on August 15, 2017, filed her Concise Statement of Matters Complained of on Appeal raising the following issue: "The Court erred in not granting [Appellant's] Motion to Quash the Information due to the absence of any evidence that Ms. Cruz committed any offense in Delaware County." Appellant's Pa.R.A.P. 1925(b) Statement, filed 8/15/17.

In Appellant's brief, she presents the following question for our review:

**DID THE TRIAL COURT ERR IN DENYING THE [APPELLANT'S] MOTION TO QUASH THE INFORMATION DUE TO THE COMMONWEALTH'S FAILURE TO MAKE A *PRIMA FACIE* CASE FOR ANY OFFENSE AT HER PRELIMINARY HEARING AND THE ABSENCE OF ANY EVIDENCE THAT MS. CRUZ COMMITTED ANY OFFENSE IN DELAWARE COUNTY?**

Appellant's brief at 5.

Appellant's issue on appeal is that the Commonwealth's evidence at the preliminary hearing was insufficient to establish a *prima facie* case as to the

elements of the charged offenses and with respect to the offenses having occurred in Delaware County. Appellant is not entitled to relief on this claim, however, because, as this Court has held:

> The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime. **Commonwealth v. Wodjak**, 502 Pa. 359, 466 A.2d 991 (1983). Its purpose is *not* to prove defendant's guilt. Once appellant has gone to trial and been found guilty of the crime, any defect in the preliminary hearing is rendered immaterial.

**Commonwealth v. Tyler**, 587 A.2d 326, 329 (Pa.Super. 1991) (emphasis in original). **See also Commonwealth v. Lee**, 662 A.2d 645, 650 (Pa. 1995) (holding adjudication of guilt on a charge renders moot any allegation that Commonwealth failed to establish a *prima facie* case for that charge at the preliminary hearing).

Here, Appellant was found guilty at her non-jury trial of engaging in the unauthorized use of a motor vehicle in Delaware County. This guilty verdict renders immaterial and moot the defects alleged to have occurred in the preliminary hearing. Consequently, we need not address Appellant's issue, as it is confined to the preliminary hearing phase of her case.

Judgment of sentence is AFFIRMED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/18