J-S04030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RASHEEN SIMMONS | |
| Appellant | No. 1948 EDA 2019 |

Appeal from the Judgment of Sentence entered September 8, 2017
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0001013-2016

BEFORE:  BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 08, 2020**

Appellant, Rasheen Simmons, appeals *nunc pro tunc* from the September 8, 2017 order entered in the Court of Common Pleas of Monroe County following his convictions of various drug offenses and endangering the welfare of children.  Appellant argues that the trial court erred in denying his suppression motion and that the evidence was insufficient to support his convictions.  Following review, we affirm.

In an opinion issued in Appellant's related case,[1] the PCRA court summarized the factual background common to both cases.

---

[1] ***Commonwealth v. Simmons***, 1947 EDA 2019, involves Appellant's appeal from a June 6, 2019 order at Monroe County Docket No. 1013 CR 2016, denying his requested relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We refer to those proceedings as "***Simmons*** PCRA."

On February 23, 2016, Detective Ryan Venneman and Detective/Corporal Lucas Bray of the Pocono Mountain Regional Police Department ("PMRPD") responded to a burglary reported by Michael and Edward Bartell. Michael Bartell is the grandson of Edward Bartell. The Bartells reported that a red Canon T 5 Rebel camera with strap and carrying case were stolen from the [Bartell] residence along with two black photo lenses, a battery charger and other camera accessories.

During their investigation, Detective Venneman and Corporal Bray were contacted by a confidential informant (CI) who had previously provided verified and credible information. The CI informed them that shortly after the robbery was reported, [Appellant] was in possession of a red Canon T 5 Rebel camera, a carrying case and other photo accessories. [Appellant] advised the CI that he was present at the time of the robbery; however, he was not an active participant. Based on this information, Detective Venneman and Corporal Bray determined that the [Summit Avenue] address the CI had given was the same address listed for [Appellant] in J-NET. They obtained a search warrant which was executed on [Appellant's Summit Avenue] home on March 1, 2016. During the search, drugs and a weapon [were] recovered and there were several children present in the home.

As a result, [Appellant] was charged in docket 1013 CR 2016 with Possession of Firearm, Prohibited, 18 Pa.C.S.A. § 6105(a)(1), [F2]; Criminal Conspiracy to Possess a Firearm, Prohibited, 18 Pa.C.S.A. § 903, [F2]; [three counts of] Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver ["PWID"], [one each for crack cocaine, powder cocaine, and Molly ["MDMA"], all felonies under 35 P.S. § 780-113(a)]; Criminal Conspiracy to commit possession with the intent to deliver a controlled substance, Prohibited, 18 Pa.C.S.A. § 903, [F]; Criminal Conspiracy with Zugeil Maldonado to commit endangering welfare of child ["EWOC"]—R.S., R.S., R.S., R.S., and J.S., 18 Pa.C.S.A. § 4304(a)(1), [F3]; Criminal Use of Communication Facility, 18 Pa.C.S.A. § 7512(a) [F3]; 3 counts of Intentional Possession of Controlled Substance by Person not registered, to wit: crack cocaine, powder cocaine and Molly, 35 [P.S.] § 780-113(a)(16), [M]; and Use/Possession of Drug Paraphernalia, to wit: packaging and scales, 35 [P.S.] § 780-113(a)(32), [M].

Opinion and Order, **Simmons** PCRA, 6/6/19, at 1-3 (footnote and some capitalization omitted).

Appellant filed an omnibus pre-trial motion on August 31, 2016 seeking, *inter alia*, suppression based on an involuntary confession as well as *habeas corpus* relief, claiming the Commonwealth failed to establish a *prima facie* case on the charges involving person not to possess firearms charge, possession, and possession with intent to deliver. Following a hearing, the court denied Appellant's motion. **See** Order, 3/24/17. As the PCRA court explained:

> A trial was held June 12 through June 13, 2017, after which the jury found [Appellant] guilty of [three counts of PWID, one each from crack cocaine, powder cocaine, and Molly, all felonies under 35 P.S. § 780-113(a)]; Criminal Conspiracy to commit possession with the intent to deliver a controlled substance, Prohibited, 18 Pa.C.S.A. § 903, [F]; 5 counts of Endangering Welfare of Children, 18 Pa.C.S.A. § 4304(a)(1), [F3]; Criminal Use of Communication Facility, 18 Pa.C.S.A. § 7512(a), [F3]; 3 counts of Intentional Possession of Controlled Substance by Person not registered, to wit: crack cocaine, powder cocaine and Molly, 35 [P.S.] § 780-113(a)(16); and Use/Possession of Drug Paraphernalia, to wit: packaging and scales, 35 [P.S.] 780-113(a)(32),[M]. The jury acquitted [Appellant of the remaining charges.]
>
> On September 8, 2017, after a pre-sentence investigation, this court sentenced [Appellant] to an aggregate term of incarceration of a minimum of 66 months and not to exceed 132 months, with a time credit commencing March 1, 2016. A motion to reconsider sentence was filed on September 18, 2017, and this court denied that motion on September 25, 2017. [Appellant] did not file a direct appeal.
>
> On August 2018, [Appellant] filed a *pro se* [PCRA petition.] On September 20, 2018, we appointed [] Attorney Holly Conway to represent [Appellant] in this matter and we granted leave for the filing of an amended PCRA. On October 14, 2018, we granted an

- 3 -

extension for the filing of an Amended PCRA and ordered that an Amended PCRA be filed on or before December 31, 2018. On December 27, 2018, Attorney Conway filed an Amended PCRA on [Appellant's] behalf.

PCRA Court Opinion and Order, **Simmons** PCRA, 6/6/19, at 3-4 (some capitalization omitted).

A hearing on Appellant's Amended PCRA petition was held on February 4, 2019. The PCRA court denied the petition in all respects with the exception of granting Appellant's request to reinstate his direct appeal rights. The court authorized Appellant to file a direct appeal within thirty days of the order. Opinion and Order, **Simmons** PCRA, 6/6/19, at 16.

In accordance with the order, Appellant filed a notice of appeal *nunc pro tunc* to this Court on July 2, 2019. Appellant filed a timely Pa.R.A.P. 1925(b) statement and the Honorable Stephen M. Higgins filed a Pa.R.A.P. 1925(a) opinion requesting that this Court affirm for the reasons set forth in the March 24, 2017 opinion issued by the trial judge, the Honorable Margharita Patti Worthington.

Appellant asks us to consider two issues in this appeal:

1. Whether the trial court erred as a matter of law and abused its discretion in failing to suppress the statements as set forth in [Appellant's] omnibus pre-trial motions?

2. Whether the trial court erred as a matter of law and abused its discretion in failing to review the evidence in this case and thereafter deny and dismiss the charges against him?

Appellant's Brief at 10.

Appellant's first issue challenges the trial court's denial of his motion to suppress in two respects. He argues his confession was not voluntary, and contends the trial court improperly denied his *habeas corpus* motion. In **Commonwealth v. Jones**, 121 A.3d 524 (Pa. Super. 2015), this Court reiterated:

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

*Id.* at 526-27 (quoting **Commonwealth v. Jones**, 988 A.2d 649, 654 (Pa. 2010) (some alterations omitted)).

In his omnibus motion, Appellant asserted that the circumstances of his interview by police "were such that [he] was held under duress and in extreme physical discomfort." Omnibus Pretrial Motion, 8/31/16, at ¶ 16. He claimed that "because of his severe discomfort and pain, [he] adopted a strategy of telling the police what they wanted to hear so that the interview would be ended and he might get clothed and warm." *Id.* at ¶ 17. He suggested that

the "physical stress and discomfort" placed on him by the police violated his constitutional rights, rendering the interview invalid. *Id.* at ¶ 18.

The trial court noted that Appellant "seems to argue that his statements to the officers were involuntary as a result of the discomfort he was feeling at the time, and as such should be suppressed." Opinion, 3/24/17, at 5. The court acknowledged "the touchstone inquiry" in deciding a motion to suppress a confession "is whether the confession was voluntary." *Id.* (citations omitted).

The court observed:

> At the omnibus hearing and in his motion, [Appellant] made a number of allegations regarding his physical discomfort while in custody: he was cold during the interviews because he was not wearing a shirt, he was in physical pain because the officers would not give him his pain medication, and he fell while at headquarters because he had to leave his cane at his house. [His] various claims were directly contradicted by the testimony of the officers presented at the hearing. Viewing the totality of the circumstances, the court finds that [Appellant's] statements were voluntary and as such should not be suppressed.

*Id.* at 6 (some capitalization omitted).

The court went on to recount the testimony from Detective Venneman and Corporal Bray that the court found credible. For instance, Detective Venneman admitted Appellant was not wearing a shirt when taken to headquarters. However, Appellant was given a blanket that he put around his shoulders. While Appellant was not given pain medication, Detective Venneman testified Appellant never asked for any. Even if he had, no medication would have been provided while in police custody. Detective

Venneman did not observe any physical difficulties and noted that Appellant did not have a cane when the officers arrived to execute the search warrant. Also, while Appellant complained of being in pain from a fall at headquarters, Appellant never reported that he fell and neither officer saw him fall. *Id.* at 6-7.

Corporal Bray explained that Appellant acknowledged his *Miranda* rights both orally and in writing prior to his interview. While Appellant was shivering at the beginning of the interview, he appeared to be comfortable after a few minutes and did not exhibit or complain of any physical difficulties or mobility issues. Both officers testified that Appellant was "coherent, articulate, and had no difficulties answering questions and recalling information." *Id.* at 7. Our review of the suppression hearing transcript confirms the officers' statements and observations.

In his brief, Appellant points to excerpts of his testimony from the suppression hearing in an attempt to refute the testimony of the officers. However, Appellant ignores the fact that the Commonwealth prevailed before the suppression court. As a result, "we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." *Jones*, 121 A.3d at 526.

"Viewing the totality of the credible evidence presented by the Commonwealth," the trial court determined that Appellant's confession "was a product of an essentially free and unconstrained choice by [Appellant]." *Id.* We find no error of law in that conclusion. Appellant is not entitled to relief with respect to his confession.

In the second part of Appellant's first issue, he asserts trial court error for denying his *habeas corpus* petition. However, Appellant's conviction renders moot any defects in the Commonwealth's case at the preliminary stages. **Commonwealth v. Haney**, 131 A.3d 24, 36 (Pa. 2015) (citing, *inter alia*, **Commonwealth v. Lee**, 662. A.2d 645, 650 (Pa. 1995)); **Commonwealth v. Tyler**, 587 A.2d 326, 328 (Pa. Super. 1991). Appellant's challenge to denial of his *habeas* petition is dismissed as moot.

In his second issue, Appellant argues the trial court erred as a matter of law "in failing to review the evidence in this case and thereafter deny and dismiss the charges against him." Appellant's Brief at 10. In **Commonwealth v. Neysmith**, 192 A3d 184 (Pa. Super. 2018), this Court reiterated:

> Our standard of review is *de novo*, and our scope of review is plenary, because:
>
> > a claim challenging the sufficiency of the evidence is a question of law. . . . When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Id.* at 189 (quoting *Commonwealth v. Widmer*, 744 A.3d 745, 751 (Pa. 2000)).

Appellant contends the evidence was insufficient to support his convictions of EWOC and PWID. With respect to EWOC, pursuant to 18 Pa.C.S.A. § 4304(a)(1), "A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support."

Appellant suggests "there was no evidence that the house was in such a deplorable condition to place the child in danger of death or serious bodily harm." Appellant's Brief at 42. Inexplicably, Appellant cites to the transcript from the omnibus hearing in an attempt to demonstrate insufficiency of evidence. Reviewing the trial testimony, and doing so in a light favorable to the Commonwealth as verdict winner, the evidence was sufficient to support the convictions.

Initially we note that, as of March 1, 2016, Appellant and Ms. Maldonado were the parents of five children. They included a 2-year old, a set of twins under the age of two, and another set of twins who were less than a year old. When the detectives arrived at the residence on March 1, those five children were in the apartment along with two additional children. The oven door was open in the kitchen and the oven was on, being used a source of heat. Notes of Testimony, Trial, 6/12/17, at 79. A firearm was located under the bed in

the room Ms. Maldonado shared with Appellant. *Id.* at 85. All five of their children slept in that room as well. *Id.* at 167. The apartment had a cockroach problem and there was an issue with baseboard heating that did not work properly. *Id.* As a result of the heating problem, the oven would be turned on and the door opened to provide heat to the apartment. *Id.*

Upon arrival of the detectives, an odor of burnt marijuana could be detected in the enclosed porch area of the apartment. Inside the apartment, there was an odor of garbage and feces. "[T]here was just a combination of a bunch of bad odors, and it was very apparent." *Id.* at 223. One detective explained that he spent most of his time searching in the kitchen, where he encountered "tons" of cockroaches, and where he found the majority of the drugs in a wooden box, along with two digital scales, baggies (including little knotted baggies of cocaine), drug paraphernalia, and bullets for the .22 caliber rifle. *Id.* at 227, 236, 237. We find the evidence was sufficient to support a conviction for EWOC.

Appellant also challenges the sufficiency of evidence supporting his PWID conviction. As this Court has recognized, "In order to convict a defendant of PWID, the Commonwealth must prove that the defendant possessed a controlled substance and did so with the intent to deliver it." *Commonwealth v. Sarvey*, 199 A.3d 436, 450 (Pa. Super. 2018) (internal citation omitted).

> In determining whether there is sufficient evidence to support a
> PWID conviction, all facts and circumstances surrounding the

possession are relevant, and the Commonwealth may establish the essential elements of the crime wholly by circumstantial evidence. Factors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant.

***Commonwealth v. Bricker***, 828 A.2d 1008, 1015 (Pa. Super. 2005).

Appellant suggests the drugs were found in a watch box in the kitchen; that the drugs were not in plain view; there were many adults in the residence; and that there was little or no evidence, other than Appellant's presence, to establish constructive possession. Consequently, he argues, "the petition for habeas corpus as it related to the charges of [PWID] should have been granted." Appellant's Brief at 41.

It is unclear why Appellant is advancing an argument involving his *habeas corpus* petition. As noted above, that issue is moot. For a sufficiency analysis, our review focuses on the evidence presented at trial. That review, and especially the testimony of Detective Corporal Bray, defeats Appellant's argument. **See** Notes of Testimony, Trial, 6/13/17, at 35-80. The detective not only described the drugs discovered in Appellant's apartment, the method of packaging, and the form of the drugs, he also testified as to the numerous text messages on a phone used by Appellant and Ms. Maldonado that involved inquiries and arrangements for drug transactions. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find the Commonwealth proved that Appellant possessed a controlled substance and did so with the intent to deliver. Appellant's sufficiency argument fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/20