J-S41018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHARLES WILLIAM HACKLEY | : | |
| | : | |
| Appellant | : | No. 125 MDA 2022 |

Appeal from the PCRA Order Entered November 30, 2021
In the Court of Common Pleas of Luzerne County
Criminal Division at CP-40-CR-0003539-2017

BEFORE: LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED: APRIL 14, 2023**

Charles William Hackley (Appellant) appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  We affirm.

On August 7, 2018, the trial court convicted Appellant of one count of escape, 18 Pa.C.S.A. § 5121(a), relative to Appellant's July 12, 2017 arrest

---

[*] Former Justice specially assigned to the Superior Court.

[1] This case returns to the Superior Court following remand for Appellant to file a Pa.R.A.P. 1925(b) statement.  **Commonwealth v. Hackley**, No. 125 MDA 2022 (Pa. Super. Feb. 1, 2023) (unpublished memorandum); **see also Commonwealth v. Parrish**, 224 A.3d 682 (Pa. 2020) (stating "whenever post-conviction counsel's performance is so deficient that it has entirely denied the post-conviction petitioner the right to appeal, remand to the lower court is the appropriate remedial action so that new counsel can take the necessary steps to restore that right.").

for drug offenses (charged separately at docket CP-40-CR-0003536-2017). On September 20, 2018, the trial court sentenced Appellant to an aggregate 48 – 96 months of incarceration (consisting of 24 – 48 months for the drug convictions at docket CP-40-CR-0003536,[2] and a consecutive 24 – 48 months for the escape conviction in the instant case). Appellant timely appealed, and this Court affirmed. *See Commonwealth v. Hackley*, 1769 MDA 2018, at *2 (Pa. Super. Sept. 23, 2019) (unpublished memorandum).

Appellant timely filed a PCRA petition on August 17, 2020. The PCRA court held a hearing on April 13, 2021, and dismissed Appellant's petition on November 30, 2021.[3] Appellant timely appealed. We remanded for Appellant to file a Rule 1925(b) statement, and provided "the PCRA court shall have the option of filing a supplemental Rule 1925(a) opinion …." *Commonwealth v. Hackley*, 125 MDA 2022, at *4 (Pa. Super. Feb. 1, 2023) (unpublished memorandum). Appellant filed a Rule 1925(b) statement on February 15, 2023, and the PCRA court filed a supplemental opinion on March 9, 2013.

Appellant presents two issues. He asserts trial counsel was ineffective for "failing to move for the return of [his] money/property"; he also claims his charges "should have been dismissed because the Commonwealth failed to

---

[2] Appellant has not appealed from the judgment sentence imposed for the drug convictions at CP-40-CR-0003536-17.

[3] The Honorable Joseph F. Sklarosky, Jr., presided at Appellant's trial and PCRA proceedings.

establish a *prima facie* case [by] relying solely on hearsay evidence at the preliminary hearing." Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal, 2/15/23. Appellant's issues lack merit.

Our standard of review for the denial of PCRA relief is "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Parker***, 249 A.3d 590, 594 (Pa. Super. 2021) (citation omitted).

To prevail on a claim of ineffectiveness of counsel, a PCRA petitioner must demonstrate:

> that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (citations and quotations omitted).

In his first issue, Appellant seeks return of $748 and claims his counsel was ineffective for failing to preserve and pursue the return of his money.

This claim is not cognizable under the PCRA. To be eligible for PCRA relief, a petitioner must plead and prove:

> (2) **That the conviction or sentence resulted** from one or more of the following:
>
>> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>>
>> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>>
>> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
>>
>> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.
>>
>> …..
>>
>> (vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.
>>
>> (vii) The imposition of a sentence greater than the lawful maximum.
>>
>> (viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2) (emphasis added).

Appellant's escape conviction and sentence of 24 – 48 months' incarceration was not the result of his counsel's failure to seek the return of his money. In rejecting this claim, the PCRA court properly recognized that

such relief is not available under the PCRA. ***See*** PCRA Court Supplemental Opinion, 3/9/23, at 5-6. Appellant's first issue is meritless.

In his second issue, Appellant claims the Commonwealth failed to establish a *prima facie* case by presenting and relying on hearsay evidence at Appellant's preliminary hearing. The PCRA court rejected this claim because, *inter alia*, Appellant's "case proceeded to a bench trial and he was convicted[, such that] any legal defect that may have occurred during [Appellant's] preliminary hearing has been cured." ***Id.*** at 8. The PCRA court concluded that even if Appellant "were to establish that his pretrial attorney was ineffective for not successfully challenging the evidence offered at his preliminary hearing, he would be unable to establish that he was prejudiced." ***Id.*** (citing omitted).[4] We agree.

This Court has explained:

> The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime. Its purpose is *not* to prove [a] defendant's guilt. **Once appellant has gone to trial and been found guilty of the crime, any defect in the preliminary hearing is rendered immaterial**.

---

[4] The Commonwealth observes that the PCRA court's order and opinion "include extensive discussion of the numerous problems [Appellant's] PCRA claims faced," and states that it "would echo the PCRA [c]ourt's criticisms." Commonwealth Brief at 12.

***Commonwealth v. Tyler***, 587 A.2d 326, 328 (Pa. Super. 1991) (citation omitted, italics in original, bold emphasis added).  As the trial court convicted Appellant of escape, his second issue does not merit relief.

For the above reasons, the PCRA court did not err in dismissing Appellant's petition for post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2023