J-S47018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AKEEM RASHAD WALL | : | |
| | : | |
| Appellant | : | No. 266 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 17, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003480-2022

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED MARCH 3, 2025**

Akeem Rashad Wall appeals from the judgment of sentence entered after he was convicted of driving under the influence (DUI) of a controlled substance as a second offense. *See* 75 Pa.C.S. § 3802(d)(1)(i). He challenges the denial of his motion to suppress evidence, the grant of the Commonwealth's motion to amend the bills of information, and the sufficiency and weight of the evidence. We affirm.

Following a traffic stop on March 10, 2021, Trooper Christopher Poulsen of the Pennsylvania State Police charged Wall with, among other crimes, DUI under subsection 3802(d)(1)(i). At a preliminary hearing on June 21, 2022, Wall waived for court a lesser-graded, first-offense DUI charge, 75 Pa.C.S. § 3802(a)(1), and the prosecution withdrew the other charges. Thereafter, on January 27, 2023, the Commonwealth filed bills of information listing only one charge, DUI under subsection 3802(a)(1).

On March 10, 2023, Wall filed an omnibus pre-trial motion consisting of a generic motion to suppress, in which he alleged twenty-four reasons the evidence against him was obtained illegally. On May 17, 2023, the trial court scheduled the case for a suppression hearing and trial to begin on May 30, 2023. On May 26, 2023, four days before the scheduled hearing, the Commonwealth moved to amend the bills of information, seeking to add back the original controlled-substance DUI charge under subsection 3802(d)(1)(i).

The trial court heard both the Commonwealth's motion to amend the bills of information and Wall's suppression motion on May 30, 2023. The Assistant District Attorney (ADA) stated that Wall had been on notice of the controlled-substance DUI offense throughout the case. Wall explained that Trooper Poulsen had substituted the DUI charges at the preliminary hearing to provide for a plea deal that Wall ultimately refused. Wall did not allege prejudice and acknowledged that "given the facts of the case, the lesser charge is not proveable." N.T., Suppression, 5/30/23, at 5–6. The trial court granted the Commonwealth's motion to amend the bills of information.

Regarding suppression, Wall alleged at the hearing that his arrest was not supported by probable cause. The Commonwealth presented Trooper Poulsen's testimony and admitted a video recording of the traffic stop in this case. The trial court articulated its findings of fact on the record:

> Trooper Christopher Poulsen is a patrol trooper with the Pennsylvania State Police assigned to Skippack Barracks. He is responsible for traffic enforcement, among other things, and he is a ten-and-a-half-year veteran of the department.

He has experience in conducting traffic stops, over a thousand car stops, and over two hundred DUI investigations. Poulsen has been trained in all aspects of driving under the influence of alcohol and controlled substances.

On March 10th of 2021, Trooper Poulsen was on duty, on 422, [when] a car drove by him[. H]e ran the tag for the vehicle, and found that it was an improperly registered tag for the vehicle. He also found what he called a "dead tag," meaning not a valid tag for the Commonwealth of Pennsylvania.

He stopped the vehicle. He conducted a traffic stop . . . . He requested the driver provide a license, registration, and insurance for the vehicle. Trooper Poulsen identified the defendant, Akeem Wall, as the driver of the vehicle. The driver provided . . . a DUI suspended license. He had no registration for the vehicle.

Poulsen requested the defendant get out of the car. Trooper Poulsen noticed the odor of burnt marijuana coming from the vehicle and/or the defendant. Once the defendant removed himself from the car, he was argumentative as he spoke to the trooper. His speech was slow and sluggish and somewhat slurred. Trooper Poulsen noticed bloodshot eyes and, again, the odor of burnt marijuana.

At that point Trooper Poulsen believed that the defendant was under the influence of marijuana. Trooper Poulsen conducted field sobriety tests, which are generally meant to yield clues with respect to drugs and alcohol. However, he did say he is unaware of the particular clues to be gained if someone is under the influence of marijuana.

The defendant acknowledged or admitted to Trooper Poulsen that he had smoked marijuana that day, approximately four hours earlier. Trooper Poulsen believed reasonably that the defendant was under the influence of marijuana. He placed the defendant under arrest, transported him to the station, read his implied consent warnings. . . .

. . . [T]he Court finds Trooper Poulsen to be credible and worthy of belief.

- 3 -

N.T., Suppression, 5/30/23, at 32–34. The trial court concluded that Trooper Poulsen had probable cause to arrest Wall. Accordingly, the court denied Wall's motion to suppress evidence.

The case proceeded to a jury trial on May 31, 2023. The Commonwealth presented testimony from Trooper Poulsen, who described Wall's signs of impairment in the traffic stop and field tests. Trooper Poulsen testified that he smelled marijuana and that Wall said that he had smoked marijuana approximately four hours prior to the stop. The Commonwealth presented the video recording of the stop. Trooper Poulsen described the process of securing a blood draw from Wall.

At trial, the parties stipulated to the blood draw results, which indicated three THC compounds in Wall's blood. The ADA announced the stipulation:

> Donna Papsun prepared a report for [the blood draw in this case], which is marked and admissible as C-4. The blood sample Donna Papsun received and examined [is] noted in this report. She determined, after examination, that at the time of the blood draw, this sample contained 1.9, plus or minus, .4 nanograms per [milliliter] of eleven Hydroxy Delta-9 THC, an active metabolite of marijuana; 26, plus or minus five nanograms per [milliliter] of Delta-9 Carboxy THC, an inactive metabolite of marijuana; and 2.6, plus or minus, point six grams of Delta-9 THC, an active metabolite of marijuana.
>
> Donna Papsun holds this opinion or conclusion within a reasonable degree of professional certainty.

N.T., Jury Trial, 5/31/23, at 103–04. The toxicology report was admitted into evidence, indicating that the stipulated quantities of 11-Hydroxy Delta-9 THC, Delta-9 Carboxy-THC, and Delta-9 THC were in the blood sample provided.

The Commonwealth also presented testimony from Trooper Sean Flannery, who was qualified as an expert in drug recognition. Trooper Flannery testified that he responded to the scene of the traffic stop at 10:40 a.m. and evaluated Wall. According to Trooper Flannery, Wall told him he had used marijuana at approximately 7:00 a.m. Trooper Flannery described Wall's physical signs of marijuana use and indicia of impairment on additional tests. Trooper Flannery concluded that Wall was impaired by cannabis, which is composed of marijuana, an opinion he held within a reasonable degree of professional certainty.

On June 1, 2023, after a full day of deliberation, the jury returned a verdict of guilty. On August 17, 2023, the trial court sentenced Wall to a term of imprisonment of 3 to 23 months, followed by one year of probation.

Wall filed timely post-sentence motions, including a motion for a new trial based on a claim that the verdict was against the weight of the evidence. He provided two reasons in support: "There is no evidence that Mr. Wall was impaired while operating a vehicle." "There is no evidence that the result of Mr. Wall's blood work came from a [Schedule] I controlled substance under the statute as opposed to a legal substance such as hemp." Post-Sentence Motion, 8/24/23, at 3. The trial court denied Wall's post-sentence motions on December 8, 2023.

Wall timely appealed. Wall and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. On Wall's motion, this Court

remanded to allow Wall to file an amended Rule 1925(b) statement. Wall and the trial court again complied with Rule 1925.

Wall presents four issues for review, which we have reordered for ease of disposition:

1. Whether the suppression court erred in denying [Wall's] motion to suppress?

2. Whether the trial court erred in granting the Commonwealth's motion to amend the bills of information?

3. Was the evidence presented insufficient to prove beyond a reasonable doubt that [Wall] had committed the crime of [DUI] of a controlled substance in violation of 75 Pa.C.S. § 3802(d)(1)(i)?

4. Whether the trial court erred and abused its discretion when it denied [Wall's] motion for a new trial based on the weight of the evidence?

Wall's Brief at 10 (reordered, capitalization omitted).

Wall first challenges the denial of his motion to suppress evidence. He argues that his arrest was based on speculation. Specifically, Trooper Poulsen relied only on the smell of marijuana, Wall's ambiguous statement, and field tests that Trooper Poulsen could not associate with marijuana use.

In reviewing the denial of a motion to suppress, this Court considers the evidence from the suppression hearing to determine whether the record supports the suppression court's factual findings and whether the legal conclusions drawn from those facts are correct. ***Commonwealth v. Smith***, 164 A.3d 1255, 1257 (Pa. Super. 2017). Our review of legal conclusions is *de novo*. ***Commonwealth v. Korn***, 139 A.3d 249, 253 (Pa. Super. 2016).

Probable cause to arrest depends on the totality of the circumstances. ***Commonwealth v. Salter***, 121 A.3d 987, 995 (Pa. Super. 2015). "Probable cause to arrest exists when the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." ***Commonwealth v. Burno***, 154 A.3d 764, 781 (Pa. 2017) (citation and internal quotation marks omitted). The relevant inquiry "is not whether the officer's belief was 'correct or more likely true than false.'" ***Id.*** (quoting ***Texas v. Brown***, 460 U.S. 730, 742 (1983)). Instead, probable cause requires "only a 'probability, and not a *prima facie* showing, of criminal activity.'" ***Id.*** (quoting ***Illinois v. Gates***, 462 U.S. 213, 235 (1983)).

The smell of marijuana, while insufficient to establish probable cause absent any other facts, remains a factor in the probable-cause analysis. ***Commonwealth v. Barr***, 266 A.3d 25, 44 (Pa. 2021). Field sobriety tests "are generally accepted methods for ascertaining alcohol *or drug* impairment at the time of a traffic stop." ***Salter***, 121 A.3d at 996 (emphasis added). Likewise, a police officer can consider a defendant's demeanor and physical signs of intoxication in determining whether there is cause to arrest a defendant for DUI. ***Id.*** at 995 n.9 (citing ***Commonwealth v. Segida***, 985 A.2d 871, 879 (Pa. 2009)).

Here, the record supports the suppression court's factual findings, and the facts support Trooper Poulsen's probable cause determination that Wall

had committed DUI. The totality of the circumstances includes not just the smell of marijuana, as in **Barr**, but also: Wall's admission to smoking marijuana four hours prior; Wall's "slow and sluggish" demeanor, bloodshot eyes, and slurred speech; and Wall's performance on the field tests that were meant to yield clues of impairment caused by drugs or alcohol. These factors support Trooper Poulsen's belief that Wall committed DUI by driving with marijuana in his blood. **Cf. Salter**, 121 A.3d at 997–98 (holding that an officer had probable cause to arrest for DUI even if other factors could have caused the driver's poor performance on field tests and bloodshot/glassy eyes). Because Trooper Poulsen had probable cause to arrest Wall for DUI, Wall's first issue fails.

Second, Wall challenges the order granting the Commonwealth's motion to amend the bills of information after a hearing on the day before trial. Wall maintains that he had agreed to waive a preliminary hearing in exchange for the substitution of the lesser-graded subsection 3802(a)(1) DUI charge. He argues that by allowing the Commonwealth to "add back" the higher-graded subsection 3802(d)(1)(i) charge, the trial court unjustifiably deprived him of his preliminary hearing rights. He also claims that this prejudiced him by forcing him to go to trial the next day on the previously withdrawn charge.

This Court reviews a decision allowing an amendment of a criminal information for an abuse of discretion. **Commonwealth v. Belgrave**, 307 A.3d 1240, 1248 (Pa. Super. 2023) (citing **Commonwealth v. Small**, 741 A.2d 666, 681 (Pa. 1999)). Under Rule 564 of the Pennsylvania Rules of

Criminal Procedure, a trial court has discretion to allow amendment of the charging document:

> The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564. This rule "ensure[s] that a defendant is fully apprised of the charges [and avoids] prejudice by prohibiting the last-minute addition of alleged criminal acts of which the defendant is uninformed." *Belgrave*, 307 A.3d at 1249 (citation omitted). For example, a defendant may be prejudiced by the addition of a charge shortly before trial that necessitates a change in defense strategy. *E.g.*, *Commonwealth v. Quinones*, 200 A.3d 1004, 1014 (Pa. Super. 2018).

Here, the trial court did not abuse its discretion when it allowed the Commonwealth to reinstate the subsection 3802(d)(1)(i) DUI charge that fit the facts of the case. The lack of a preliminary hearing, and all rights that Wall waived with it, "is rendered immaterial" because Wall had those same rights at trial. *See Commonwealth v. Tyler*, 587 A.2d 326, 328 (Pa. Super. 1991). By proceeding to trial, Wall effectively exercised his rights to test the case against him. Furthermore, Wall understood the nature of the charges from the time they were filed, and he did not request a continuance to adjust his defense strategy or otherwise argue to the trial court that the amendment prejudiced him. Thus, the trial court did not abuse its discretion in granting

the Commonwealth's motion to "add back" the original DUI charge. Wall's second issue fails.

Third, Wall challenges the sufficiency of the evidence to sustain his conviction for DUI of marijuana, under subsection 3802(d)(1)(i) of the Vehicle Code. For a sufficiency claim, this Court reviews the trial record to determine whether all the evidence establishes each challenged element of the offense beyond a reasonable doubt. ***Commonwealth v. Franklin***, 69 A.3d 719, 722 (Pa. Super. 2013) (citation omitted).

As charged here, DUI requires proof that Wall was driving with any amount of a Schedule I controlled substance in his blood. ***Commonwealth v. Whitmire***, 300 A.3d 484, 490 (Pa. Super. 2023); ***see*** 75 Pa.C.S. § 3802(d)(1)(i). Whether a given substance is included in the statute's scope presents a "question of law." ***See Commonwealth v. Glenn***, 233 A.3d 842, 844 (Pa. Super. 2020). We have consistently held subsection 3802(d)(1)(i) to prohibit driving with any amount of marijuana in one's blood. ***E.g.***, ***Commonwealth v. Dabney***, 274 A.3d 1283, 1291–92 (Pa. Super. 2022). We have also recognized that Delta-9 THC is "the active compound in marijuana." ***Commonwealth v. Given***, 244 A.3d 508, 509 (Pa. Super. 2020); ***see also Whitmire***, 300 A.3d at 490–92 (finding evidence sufficient where a defendant's blood contained Delta-9 THC).

Wall bases his argument on the parties' stipulation that his blood contained only metabolites of marijuana, not marijuana itself. However, as our cases have recognized, Delta-9 THC is the active compound in marijuana,

not a metabolite. **Given**, 244 A.3d at 509. Despite the prosecutor's erroneous description, the jury could find from the evidence, including Ms. Papsun's laboratory report, that Wall's blood contained Delta-9 THC. Thus, there was sufficient evidence for the jury to find that Wall had a controlled substance in his blood when he drove. Wall's third issue fails.

Finally, Wall challenges the denial of his post-sentence motion for a new trial based on his claim that the verdict was against the weight of the evidence. A trial court may grant a new trial for a weight claim "only where the verdict was so contrary to the evidence that it shocks the trial court's sense of justice." **Commonwealth v. Champney**, 832 A.2d 403 (Pa. Super. 2024) (citations omitted). On appeal, we determine "whether the trial court abused its discretion in concluding that the verdict was not against the weight of the evidence, not whether the verdict, in this Court's opinion, was against the weight of the evidence." **Id.** We "give the gravest consideration to the findings and reasons" provided by the trial court, which had the opportunity to observe the evidence firsthand at trial. **Id.** (quoting **Commonwealth v. Antidormi**, 84 A.3d 736, 758 (Pa. Super. 2014)).

The trial court recounted the overwhelming evidence that Wall drove with marijuana in his blood: Trooper Poulsen smelled marijuana, Wall's demeanor and performance on field tests showed he was under the influence of marijuana, Wall admitted to smoking marijuana four hours before the stop, and a stipulated laboratory report confirmed that Wall had Delta-9 THC in his blood. The court rejected Wall's assertions that the evidence was deficient:

> There was no testimony presented at trial that [Wall] had a medical marijuana card or was otherwise legally permitted to ingest marijuana. Regardless of whether the marijuana in [Wall's blood] was medical or "legal," the current state of the law in Pennsylvania still prohibits [driving with any amount of marijuana, including medical marijuana, in one's blood. **Dabney**, 274 A.3d at 1291–92.] There was no testimony presented at trial that the substance found in [Wall's] blood was a legal substance as opposed to an illicit controlled substance. The evidence was not so one-sided toward acquittal that a guilty verdict shocks one's sense of justice.

Trial Court Opinion, 7/11/24, at 12–13.

We discern no abuse of discretion. The trial court, which observed the presentation of evidence at trial, determined that the jury's verdict was consistent with the evidence. Notably, neither of Wall's contentions from his post-sentence motion requires a different result: proof of actual impairment is not required under subsection 3802(d)(1)(i), and Wall's own statement that he smoked marijuana proves that the Delta-9 THC in his blood was from marijuana. This issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/3/2025

- 12 -