J-A17034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSE D. PELLOW | : | |
| | : | |
| Appellant | : | No. 1040 WDA 2024 |

Appeal from the Judgment of Sentence Entered April 25, 2024
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002281-2022

BEFORE:  McLAUGHLIN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: August 21, 2025**

Appellant, Jesse D. Pellow, appeals *pro se* from the April 25, 2024 judgment of sentence of six months' probation, imposed after he was convicted, following a non-jury trial, of one count of harassment, 18 Pa.C.S. § 2709(a)(7).[1]  We affirm.

_____

[1] We note that Appellant was represented by court-appointed counsel at his trial and sentencing proceedings.  However, as we discuss *infra*, Appellant filed a *pro se* notice of appeal and indicated, in subsequent *pro se* filings, that he desired to represent himself herein.  Accordingly, on January 3, 2025, this Court issued an order remanding Appellant's case to the trial court for it to conduct an on-the-record colloquy to determine if Appellant was eligible for, and wished to proceed with, appointed counsel, or if he desired to proceed *pro se*.  On February 5, 2025, the trial court issued an order stating that, after conducting the colloquy, at which Appellant expressed his wish to proceed *pro se* on appeal, it found that his waiver of his right to counsel was knowing, intelligent, and voluntary.  Order, 2/5/25, at 1; *see also Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998) (holding that "[w]hen a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one").

Briefly, Appellant's conviction stemmed from evidence that, after he was terminated from his employment with a nursing home, he "engaged in repeated communications to annoy, harass[,] or alarm" his former supervisor, even after being told by a police officer to stop sending messages to that individual. Trial Court Opinion (TCO), 9/19/24, at 1. On April 25, 2024, Appellant was sentenced to the term of probation set forth *supra*. He filed a timely post-sentence motion, which was denied on July 24, 2024.

On August 7, 2024, Appellant — who was still represented by counsel at that time — filed a *pro se* document with this Court entitled, "Appellant Brief Post Sentence Petition for Permission to Appeal." On August 27, 2024, we issued an order forwarding this document to the trial court, and directing the Blair County Clerk of Courts to docket it as a notice of appeal with a filing date of August 7, 2024. **See** Order, 8/27/24, at 1 (single page) (citing Pa.R.A.P. 905(a)(3) and (4); Pa.R.A.P. 1316 ("The appellate court shall treat a request for discretionary review of an order that is immediately appealable as a notice of appeal if a party has filed a timely petition for permission to appeal pursuant to Pa.R.A.P. 1311.")); **see also Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (holding "that this Court is required to docket a *pro se* notice of appeal despite [the a]ppellant being represented by counsel").

After Appellant's *pro se* notice of appeal was docketed, the trial court issued a Pa.R.A.P. 1925(b) order on September 5, 2024. Notably, while the trial court received Appellant's *pro se* Rule 1925(b) statement on September

16, 2024, **see** TCO at 4, our review of the record shows that Appellant never **filed** his concise statement with the Blair County Clerk of Courts. **See** Pa.R.A.P. 1925(b)(1) ("The appellant shall file of record the Statement and concurrently shall serve the judge."). In the trial court's Rule 1925(b) order, it explicitly directed Appellant to **file** his concise statement, and warned that his failure to do so could result in waiver of his claims on appeal. **See** Order, 9/5/24, at 1-2 (stating "Appellant … shall **file of record** in this Court and serve upon the Undersigned and the Commonwealth, a concise statement of the errors complained of on appeal no later than twenty-one (21) days after filing and service of this Order. … Failure to do so may be considered by the appellate court as a waiver of all objections to the order, ruling, or any other matter complained of.") (emphasis added). Because the trial court ordered Appellant to file a Rule 1925(b) statement and he failed to comply, he has waived his issues on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); **Commonwealth v. Butler**, 812 A.2d 631, 634 (Pa. 2002) (concluding that the appellant waived his issues where he provided the trial court with his concise statement, but did not file the statement with the clerk of courts).[2]

---

[2] We note that the fact Appellant is proceeding *pro se* does not give him license to ignore the court's order and relevant rules of procedure. **See Faretta v. California**, 422 U.S. 806, 834 n.46 (1975) (stating that the right of self-representation does not give a litigant license to refuse to comply with relevant
*(Footnote Continued Next Page)*

Notwithstanding waiver, we would conclude that Appellant has failed to demonstrate relief is warranted on any of the claims he seems to be asserting herein. At the outset, we note that Appellant states six issues for our review in his "Statement of the Questions Involved" section of his brief. *See* Appellant's Brief at 6-7. However, he does not present an "Argument" section that is divided into "as many parts as there are questions to be argued" with headings indicating "the particular point treated therein…." Pa.R.A.P. 2119(a). Instead, Appellant presents one, uninterrupted "Legal Argument," *see* Appellant's Brief at 17-23, followed by sections entitled, "Summary of the Argument," *id.* at 23-25, "Reasons for the Appeal," *id.* at 25-26, and "Relief Sought," *id.* at 26-27. Problematically, Appellant's arguments throughout these sections are confusing and/or undeveloped. For instance, Appellant repeatedly alleges that the court erred by admitting "3rd party evidence," without any explanation of what this evidence was. *See, e.g.*, *id.* at 19 ("The next main issue here is the admission of 3rd party evidence to establish [a] *prima facie* case not only during the preliminary process but during the trial process."). Appellant also claims that the court prevented him from

_____

rules of procedure and substantive law). Moreover, while Rule 1925(c)(3) gives recourse in the form of remand to appellants whose **counsel** acts ineffectively in failing to file a Rule 1925(b) statement, that section is inapplicable to a *pro se* appellant. Pa.R.A.P. 1925(c)(3). Appellant cannot claim that his representation of himself was ineffective. **See Faretta**, 422 U.S. at 834 n.46 ("[W]hatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'").

presenting evidence "to defend against" the Commonwealth's case, *id.*, yet he does not discuss what specific evidence the court precluded.

The only claims that are somewhat developed are allegations that the Commonwealth failed to make out a *prima facie* case at Appellant's preliminary hearing, *id.* at 17; that the court's verdict was contrary to the weight of the evidence presented at trial, *id.* at 21; and that the evidence was insufficient to prove the intent element of Appellant's conviction for harassment, *id.* However, we would find that none of these issues warrants relief.

First, "it is well-settled that errors at a preliminary hearing regarding the sufficiency of the evidence are considered harmless if the defendant is found guilty at trial." *Commonwealth v. Ricker*, 120 A.3d 349, 353 (Pa. Super. 2015) (citing *Commonwealth v. Sanchez*, 82 A.3d 943, 984 (Pa. 2013); *Commonwealth v. Tyler*, 587 A.2d 326 (Pa. Super. 1991)). Because here, Appellant was convicted of harassment following a non-jury trial, his challenge to the sufficiency of the Commonwealth's evidence at the preliminary hearing, had we reached this issue, would be meritless.

In regard to Appellant's claims that the verdict was contrary to the weight of the evidence, and that the Commonwealth failed to present sufficient evidence to prove his intent to commit harassment, we would conclude that the well-reasoned opinion authored by the Honorable Jackie Atherton Bernard of the Court of Common Pleas of Blair County accurately explains why these claims do not warrant relief. *See* TCO at 3-10. Judge Bernard also addresses

allegations by Appellant that he was "denied a fair trial because he was not permitted to call witnesses, including expert witnesses[,]" *id.* at 10; that the court erred by not permitting him to issue "3rd [p]arty [s]ubpoena's [*sic*] [,]" *id.* at 11; and that he was subject to prosecutorial misconduct and malicious prosecution in this case, *id.* at 12. To the extent Appellant vaguely seems to be asserting some or all of these issues herein, we would adopt Judge Bernard's decision as our own in rejecting his arguments on these claims as well.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 08/21/2025